The State of Ohio, Appellee, *v.* Phipps, Appellant.

[Cite as State v. Phipps, 3 Ohio App. 2d 226.]

(No. 761—Decided November 12, 1964.)

*Mr. Everett Burton*, prosecuting attorney, for appellee.
*Mr. Ernest G. Littleton*, for appellant.

Collier, P. J.  James O. Phipps, the defendant, appellant herein, and hereinafter referred to as the defendant, was indicted by the Grand Jury of Scioto County under an indictment containing three counts.  The defendant was charged with using a false and fictitious name in the application for a certificate of title to a certain motor vehicle, the giving of a false and fictitious address in such application and the forgery of an assignment of a certificate of title for such motor vehicle, in violation of Section 4505.19, Revised Code.

The defendant filed separate special pleas to the indictment objecting to the jurisdiction of the Common Pleas Court of Scioto County of the subject matter in the indictment, on the ground

that the special grand jury which returned the indictment had no legal existence; that the order for the drawing of the special grand jury was the individual act of one judge of a two-judge court, without consulation with or concurrence of the other judge of the Common Pleas Court. These special pleas to the indictment were overruled.

The defendant then petitioned the Supreme Court of Ohio for a writ of prohibition to restrain the Common Pleas Court of Scioto County from proceeding with this cause for want of jurisdiction. The Supreme Court sustained a demurrer to defendant's petition on the ground that the defendant had an adequate remedy at law by way of appeal.

The defendant was found guilty on all three counts in a trial by jury, his motion for a new trial was overruled and the sentence of the court was imposed. The appeal on questions of law to this court followed.

The assignments of error will be considered in the order set forth in defendant's brief. In the first and second assignments of error the defendant claims the trial court erred in overruling the defendant's motions to quash the indictment and his plea in abatement to the indictment in which the defendant contended that the indictment was a nullity for the reason the order to draw the special grand jury was signed by only one of the two judges of the Common Pleas Court of Scioto County.

The question presented by these two assignments of error is whether a single judge of a two-judge court had authority to sign the order for the drawing of the special grand jury without the concurrence of the other judge. The record shows, by stipulation, that such order was signed on June 1, 1962, by the Honorable Lowell C. Thompson, one of the two judges of the Common Pleas Court of Scioto County. Section 2939.04, Revised Code, provides:

"* * * The Court of Common Pleas may order the drawing of a special jury to sit any time public business requires it."

And Section 2939.17, Revised Code, provides:

"After the grand jury is discharged, the Court of Common Pleas, when necessary, may order the drawing and impaneling of a new grand jury,"

That statute unquestionably authorizes the Common Pleas Court to draw and empanel a new grand jury "when necessary,"

but the specific question in the case at bar is whether the concurrence of both judges of a two-judge court is necessary to render such order valid.

Section 2301.01, Revised Code, provides for a Common Pleas Court in each county to be held by one or more judges. It will be observed that the statute uses the term, "Court of Common Pleas." A "court" has been defined as an incorporeal political being of one or more judges to sit at fixed times and places, attended by proper officers, pursuant to lawful authority, for the administration of justice. *State, ex rel. Hawke,* v. *LeBlond, Presiding Judge,* 108 Ohio St. 126, the first paragraph of the syllabus of which reads:

"1. In any county in Ohio, were more than one judge of the Court of Common Pleas holds office, the 'court of common pleas' of such county may be constituted by one or more of the common pleas judges holding office in that county, and the judges so holding office have unlimited discretion to determine the number of judges who shall preside over any session of such court."

And on page 134, in the opinion, the court, through Marshall, C. J., says:

"Parties to litigation have no control or voice in determining the number of common pleas judges who may preside over sessions of the court, that matter being within the unlimited discretion of the judges of each county respectively."

In our opinion, the official act of an individual judge of a Common Pleas Court composed of more than one judge is the act of the court; that it was never contemplated and is not necessary that a judge of such court would be required to confer with and have the concurrence of the other judge or judges in the performance of his judicial duties. See 14 Ohio Jurisprudence 2d 444, Section 17, on the subject of "Courts." The first and second assignments of error are overruled.

Under the third and fourth assignments of error the defendant claims the court erred in permitting the state to amend the indictment. It appears that in complying with a request of the defendant for a bill of particulars, the prosecuting attorney gave the number of the certificate of title to the motor vehicle as 7344469, when the correct number was 7344459. The trial court permitted an amendment, stating the correct number of

the certificate. Did the court err in allowing the correction of this apparent typographical error? Section 2941.30, Revised Code, provides that the court may at any time before, during or after a trial amend the indictment or bill of particulars in form or substance, provided no change is made in the name or identity of the crime charged. This statute is very broad and authorizes the amendment of an indictment which charges every essential element of a crime. It is only when an indictment does not contain an essential element of a crime and it is sought to supply such essential element that an indictment may not be amended. 28 Ohio Jurisprudence 2d 525, Section 101; *State* v. *Wozniak*, 172 Ohio St. 517. Neither the name nor the identity of the crime was changed, and the defendant could not have been prejudiced by this amendment. The transaction involved only one automobile with the same description throughout the proceedings. These assignments are overruled.

For his fifth and sixth assignments of error the defendant claims error in the trial court's refusal to instruct the jury as requested by the defendant before argument that the burden was on the state to show, where the handwriting was admitted to be by the defendant, want of authority on the part of the defendant to execute such writing. The defendant admitted the writing on the certificate but claimed he was authorized to write it.

The rule in Ohio is that in the trial of a criminal case it is not mandatory upon the trial court to give any instructions before argument. But under Section 2945.10 (E), Revised Code, if requested special instructions, reduced to writing, are correct, pertinent and timely presented, they must be included, at least in substance, in the general charge. *Grossweiler* v. *State*, 113 Ohio St. 46; *Wertenberger* v. *State*, 99 Ohio St. 353; *State* v. *Barron*, 170 Ohio St. 267. The court, in the general charge, said:

"A false or fictitious name as used means a name knowingly used other than the one that should be on the application and *used with no authority from that particular person.* Obviously, if the state has not proved the above elements beyond a reasonable doubt the defendant should be acquitted on these counts." (Emphasis added.)

Thus, it will be seen that the substance of defendant's re-

quest was embraced in the general charge and the defendant was not entitled to any further instructions. These assignments of error are overruled.

Under the seventh, eighth and ninth assignments of error the defendant contends the evidence in the record is not sufficient to support the verdict. The facts upon which the indictment was based, briefly stated, are that on January 18, 1961, Alex Daugherty, accompanied by Robert McKinney and Johnnie Parker, residents of Columbus, Ohio, all with criminal records, came to Portsmouth to trade a 1954 Cadillac automobile for one not known by the police; that they went to the Jim Phipps Auto Sales Company used car lot, operated by the defendant, where the transaction was completed; that the certificate of title for the Cadillac automobile was transferred into the name of Carl Reynolds; and that the street address stated in the certificate was fictitious.

The defendant's contention is that the Cadillac automobile was sold by him the next day to a stranger who gave his name as Carl Reynolds, and that the purchaser told the defendant he could not write and authorized the defendant to write his name and fill out the certificate. The testimony of Daugherty, McKinney and Parker, witnesses for the state, and the conflicting testimony of the defendant and his employee, Wade Fraley, as to the transaction, presented a factual question for determination by the jury. In such situation, the court may not disturb the verdict unless it clearly appears that there was a misapprehension of the facts as shown by the evidence. The jury obviously believed the testimony of the witnesses for the state and disbelieved the testimony of the defendant and his employee. The evidence adduced by the state sufficiently establishes all the essential elements of each crime charged in the indictment. These assignments of error are overruled.

In his tenth and eleventh assignments of error the defendant claims the trial court erred in permitting the prosecuting attorney to cross-examine the defendant on collateral matters relating to his acquaintance with Ellsworth Daugherty and his companions. The defendant admitted only a casual acquaintance with these men involved in the transaction upon which the indictment was based. The state was properly permitted to make inquiry on cross-examination of the defendant concerning other

transactions, dealings, and contacts with these same persons who testified that they had frequently visited defendant's used car lot and had social contacts with the defendant. We do not consider such matter as collateral. The answers elicited were relevant to the issue involved, the guilt or innocence of the defendant. In *Barnett* v. *State*, 104 Ohio St. 298, on the subject of relevancy, we find this statement at page 306:

"* * * Any fact that makes more probable or less probable, where the probabilities are in question, renders such fact relevant as evidence, unless there be some positive, arbitrary rule declared by competent authority, such as a statute, or a long line of judicial decisions, based upon reason, to the contrary."

For other definitions of the term, see same authority. There is no merit in these assignments of error.

The eleventh and twelfth assignments of error are that the court erred in overruling the motion of the defendant in arrest of judgment on the grounds of want of jurisdiction and that the court erred in overruling defendant's motion for a new trial. Our conclusions above stated in considering the other assignments of error render any further comment on these assignments of error unnecessary.

Having disposed of all the issues raised by the assignments of error, we conclude that the defendant had a fair trial, free from prejudicial error; and, therefore, the judgment is affirmed.

*Judgment affirmed.*

BROWN and CARLISLE, JJ., concur.