THE STATE, EX REL. WILLIAMS, APPELLANT, v.
ZALESKI ET AL., APPELLEES.

[Cite as State, ex rel. Williams, v. Zaleski (1984), 12 Ohio St. 3d 109.]

(No. 83-195—Decided July 18, 1984.)

*Mr. Shimon Kaplan* and *Mr. Paul A. Newman,* for appellant.

*Mr. Gregory A. White,* prosecuting attorney, *Mr. Mark E. Stephenson* and *Mr. Norbert F. Werner,* for appellees.

*Mr. John W. Allen,* urging affirmance for *amicus curiae,* Committee of the Ohio Prosecuting Attorneys Association.

J. P. CELEBREZZE, J. The basic issue presented in this case is whether the order appointing MacGillivray and McKee as prosecutors was a valid exercise of judicial power.[1]

Appellant maintains that it was not, on the theory that an order appointing a special prosecutor is based upon the inherent power of the court and that such power can only be exercised by a majority of the court's members. Appellant further argues that, even if the order had been valid, it would have lapsed upon the new prosecutor taking office. In support of this argument, appellant contends that the court's inherent power to appoint a prosecutor cannot be employed except upon the disqualification of the regular county prosecuting attorney. Finally, appellant maintains that the compensation of a prosecutor appointed by the court in the exercise of its inherent power must be fixed by a majority of the judges following the guidelines set forth in the Code of Professional Responsibility relative to fees for legal services.

We begin our discussion by noting that in *State, ex rel. Thomas,* v. *Henderson* (1931), 123 Ohio St. 474, 478, it was held that a court of common pleas possesses the inherent power to appoint counsel to assist the grand jury in criminal matters. The court noted that a proper exercise of the power would be where neither the prosecuting attorney nor his appointed assistant could perform the necessary prosecutorial duties:

"One may easily conceive of a variety of illustrations under which the prosecuting attorney would be embarrassed, and the performance of his duties rendered difficult, and no statutory provision has been made for such cases. Manifestly the appointment of an assistant under the direction of the prosecutor would not obviate the difficulty. One may also conceive circumstances like those presented in this case, which, by reason of the prosecutor himself being under investigation, make it impossible that either he or any assistant under his direction should act." *Id.* at 479-480.

An attorney appointed pursuant to the inherent power of the court is

---

[1] Although Alan Brew was joined as a party defendant in this action, appellant does not specifically challenge the validity of his appointment as an investigator in the housing case.

sometimes referred to as a "special" prosecuting attorney. See, *e.g., id.* at 475; *State, ex rel. Pros. Atty., v. Webster* (App. 1933), 14 Ohio Law Abs. 640; *State* v. *Durbin* (App. 1935), 20 Ohio Law Abs. 299.

*Thomas* does not offer any guidance in addressing the specific issues raised by appellant as to the appropriate manner in which a court must exercise its inherent power in appointing and compensating attorneys to assist the grand jury.[2] It is our conclusion, however, that a determination of these issues is not necessary to a resolution of this appeal as the court below did not rely upon its inherent power in appointing MacGillivray and McKee but instead acted on the basis of statutory authority.

R.C. 2941.63 vests the court of common pleas with broad discretion in appointing prosecutorial counsel in criminal matters. That section provides:

"The court of common pleas, or the court of appeals, whenever it is of the opinion that the public interest requires it, may appoint an attorney to assist the prosecuting attorney in the trial of a case pending in such court. The board of county commissioners shall pay said assistant to the prosecuting attorney such compensation for his services as the court approves."

The authority of the court of common pleas to appoint an attorney to assist the prosecuting attorney in a pending criminal trial is also recognized in R.C. 309.10.[3]

In this case, although prosecuting attorney Joseph Grunda moved the court to appoint a "special" prosecutor and assistant, such terminology is not controlling. Nor is appellant's argument persuasive that Grunda desired a "special" prosecutor rather than an "assistant" prosecutor due to his desire to completely remove himself from the active prosecution of the housing case.

First, R.C. 2941.63 and 309.10, which by their very language apply to

---

[2] It is to be noted, however, that *Thomas,* at 480-481, did establish the necessity of conducting a hearing into the disqualification of the prosecuting attorney where he is the subject of the investigation and does not assent to the appointment of additional counsel.

[3] That section reads as follows:

"Sections 309.08 and 309.09 of the Revised Code do not prevent a school board from employing counsel to represent it, but such counsel, when so employed, shall be paid by such school board from the school fund. Such sections do not prevent a board of county hospital trustees from employing counsel with the approval of the county commissioners to bring legal action for the collection of delinquent accounts of such hospital, but such counsel, when so employed, shall be paid from the hospital's funds. Such sections do not prevent a board of library trustees from employing counsel when the prosecuting attorney is unable to serve or is adversely interested or when legal action is between two or more boards of library trustees in the same county, but such counsel, when so employed, shall be paid from the library's funds. *Such sections do not prevent* the appointment and employment of assistants, clerks, and stenographers, to the prosecuting attorney as provided in sections 309.01 to 309.16, inclusive, of the Revised Code, or *the appointment by the court of common pleas or the court of appeals of an attorney to assist the prosecuting attorney in the trial of a criminal cause pending in such court, or the board of county commissioners from paying such services."* (Emphasis added.)

"assistant" prosecutors, were cited as authority for Grunda's motion.[4] Second, the record reveals that MacGillivray and McKee did not operate independently in the housing case but actually served in an assistory role to the regular prosecutor. This is best illustrated by the fact that at different times both Grunda and his successor in office specifically appointed MacGillivray and McKee to the prosecutorial staff.[5]

Under these circumstances, it is our conclusion that Judge Mikus operated under the authority of R.C. 2941.63 in appointing the additional prosecutors.

The only question remaining to be answered then is whether such authority was exercised in a proper manner. We believe the answer to this question to be quite clear.

As used in the statute, the term "court of common pleas" necessarily contemplates the action of a single judge even where the court is composed of several members. See *State, ex rel. Hawke,* v. *LeBlond* (1923), 108 Ohio St. 126; *State* v. *Phipps* (1964), 3 Ohio App. 2d 226 [32 O.O.2d 322]. Accordingly, under R.C. 2941.63, where the "court of common pleas" consists of more than one judge, it is not necessary for a majority of such judges to concur in the appointment of an attorney to assist the prosecuting attorney or to approve the compensation of that individual. The action of a single judge under this section is the action of the court.

Moreover, on its face, the statute imposes none of the other requirements suggested by appellant. The court has the discretion to appoint counsel to assist the prosecuting attorney in a pending criminal case whenever it is of the opinion that the public interest so requires. There is no requirement that it conduct a prior hearing into the disqualification of the prosecuting attorney.

Finally, the board of county commissioners is obligated to pay the appointed counsel such compensation as the court approves. There is no re-

---

[4] It is noteworthy, however, that the memorandum accompanying Grunda's motion manifested some ambiguity as to the underlying legal principles. It read, in part, as follows:

"The appointment and compensation of a Special Prosecutor has long been held to be concomitant with a court's inherent power. * * * This Court's common law power to appoint a Special Prosecutor has been codified in Ohio Revised Code Section 2941.63 * * *.

"* * *

"Moreover, Ohio Revised Code 309.10 provides this Court with further statutory authority to appoint a Special Prosecutor in this case. * * *

"* * *

"It is apparent that it is well within this Court's power to appoint a Special Prosecutor and an assistant(s) in this cause."

[5] The sole authority of the prosecuting attorney to appoint assistants is set forth in R.C. 309.06 which provides in part:

"The prosecuting attorney may appoint such assistants * * * as are necessary for the proper performance of the duties of his office and fix their compensation, not to exceed in the aggregate, the amount fixed by the judges of such court. * * *"

quirement that the court follow guidelines set forth in the Code of Professional Responsibility.

Therefore, for all the foregoing reasons, we do not find merit in this appeal. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.