OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Walton, Appellant, v. Judge, Wyandot Cty. Common Pleas Court, et al., Appellees.

[Cite as Walton v. Judge (1992),     Ohio St.3d     .]

Criminal law -- Grand juries -- R.C. 2939.10 -- Private citizen has no right to present evidence before a grand jury.

(No. 90-2246 -- Submitted July 8, 1992 -- Decided September 2, 1992.)

Appeal from the Court of Appeals for Wyandot County, No. 16-90-24.

On June 28, 1990, appellant, William J. Walton, filed a "special petition for common law writ of mandamus" in the Court of Appeals for Wyandot County, in which he demanded the right to bring certain criminal accusations before the grand jury without hinderance from appellees, the judge of the court of common pleas and the prosecuting attorney of Wyandot County.

Appellees filed a motion to dismiss for failure to state a claim upon which relief can be granted. The court of appeals granted the motion, finding that appellees had no clear legal duty with respect to appellant's apparent claim.

The cause is before the court upon an appeal as of right.

William J. Walton, pro se.

Per Curiam. On appeal, appellant cites no Ohio legal authority that permits a private citizen to present evidence before the grand jury or requires appellees to permit him to do so. Under R.C.2939.10, only the prosecuting attorney, assistant prosecuting attorney, and, in certain cases, the Attorney General or special prosecutor appointed by the Attorney General have access to the grand jury. Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.