DECISION AND JUDGMENT ENTRY
This is a consolidated appeal from two judgments of the Ottawa County Court of Common Pleas. The first judgment denied a motion to remove the special prosecutor appointed to investigate charges of public corruption and the second dismissed eleven affidavits charging acts by public officials designed to obstruct the investigation of public corruption. For the reasons that follow, both judgments are affirmed.
Appellants Rebekah Miller, Melody Kitzler and Elsebeth Baumgartner set forth the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO REMOVE THE SPECIAL PROSECUTOR BECAUSE THE COURT LACKED THE AUTHORITY TO APPOINT A SPECIAL PROSECUTOR IN A PUBLIC CORRUPTION CASE UPON THE MOTION OF IMPLICATED COUNTY PROSECUTOR MARK MULLIGAN.
"ASSIGNMENT OF ERROR NO. 2:
 "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO REMOVE SPECIAL PROSECUTOR DEAN HENRY BECAUSE THERE WAS EVIDENCE OF MISCONDUCT.
"ASSIGNMENT OF ERROR NO. 3:
 "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CRIMINAL AFFIDAVITS TO CAUSE ARREST AND PROSECUTION FILED WITH THE OTTAWA COUNTY CLERK OF COURTS PURSUANT TO RC 2935.09, UPON THE MOTION OF IMPLICATED PROSECUTOR MULLIGAN BECAUSE THE STATUTE PROVIDES FOR THE FILING OF AN AFFIDAVIT WITH A CLERK OF A COURT OF RECORD AND MUST BE READ IN PARI MATERIA WITH RC 2935.10."
Because the facts and procedural history leading up to and surrounding these cases in the trial court are extremely cumbersome, only that information which is necessary for an understanding of the instant appeal is set forth herein.
Appointment of Special Prosecutor (OT-01-030)
On December 6, 2000, Ottawa County Prosecutor Mark Mulligan filed a motion in the trial court asking for the appointment of a special prosecutor to look into allegations of criminal activity on the part of various state and local public officials which were set forth in a complaint filed in the Ottawa County Municipal Court by appellant Baumgartner. On that same day, Jeffrey Strausbaugh was appointed special prosecutor. The matter subsequently was transferred to the Ottawa County Court of Common Pleas. Baumgartner objected to Strausbaugh's appointment and on December 20, 2000, Strausbaugh was granted leave to withdraw as special prosecutor. On December 22, 2000, attorney Dean Henry was appointed as the new special prosecutor and continues to hold that appointment. On April 2, 2001, Baumgartner filed a motion to remove the special prosecutor and on June 13, 2001, the trial court dismissed the motion.
The Citizen Affidavits (OT-01-031)
On April 24, 2001, appellants Rebekah Miller, Melody Kitzler and Elsebeth Baumgartner filed eleven criminal affidavits with the clerk of the Ottawa County Court of Common Pleas seeking the arrest and prosecution of certain individuals in the Ottawa County area, including judges, defense attorneys and prosecutors, for committing various illegal acts in furtherance of public corruption. On May 3, 2001, Ottawa County Prosecuting Attorney Mark Mulligan filed a motion to dismiss the affidavits in which he asserted that criminal proceedings in the Ottawa County Court of Common Pleas must be initiated either by a grand jury indictment or a bill of information and that appellants' affidavits did not qualify under either of those two methods. On June 13, 2001, the trial court found that there is no provision under Ohio law for a citizen to file criminal charges in a court of common pleas, although R.C. 1907.01
allows the filing of citizen affidavits in municipal courts or in "county courts" in areas where a municipal court does not cover the entire geographic area of a particular county. The trial court concluded that the cases were filed incorrectly and had no validity and ordered each of them dismissed. Appellants filed timely appeal, but because the notice was accompanied by only one filing fee, all but one of the appeals was dismissed by this court. The surviving appeal relates to the affidavit which alleges that Kellen Smith, president of the Benton-Carroll-Salem School Board, committed an assault against appellant Elsebeth Baumgartner.
Appellants' first two assignments of error will be addressed together as both challenge the trial court's denial of the motion to remove special prosecutor Dean Henry. Appellants first argue that, while the common pleas courts possess the inherent power to appoint a special prosecutor, pursuant to R.C. 177.02 and 177.03 the appointment of a special prosecutor in a public corruption case in which the county prosecutor is implicated must be referred to the state attorney general or the governor.
R.C. 177.02(A) provides the authority for an individual to file a complaint with the organized crime investigations commission alleging that organized criminal activity has occurred in a particular county. Subsection (B) details the establishment of an organized crime task force. There is no limitation in R.C. 177.02 or 177.03 of a trial court's authority to appoint a special prosecutor. In the absence of a statute controlling the appointment of a special prosecutor, the trial court in this case had the inherent power to take such action. State exrel. Williams v. Zaleski (1984), 12 Ohio St.3d 109.
Appellants further argue that the trial court should have granted the motion to remove special prosecutor Dean Henry because there was evidence of misconduct in the selection process. Appellants assert that Henry's appointment was tainted because it was made by a "friendly" judge who knows many of the individuals named in the case and was made upon the motion of Strausbaugh, whom they claim was "implicated." There is no evidence in the record of a conflict of interest or that Henry is not qualified for the appointment. Appellants' allegations of impropriety in the appointment process are wholly unsubstantiated by the record and therefore without merit.
Based on the foregoing, this court finds that the trial court did not err by dismissing appellants' motion to remove the special prosecutor and appellants' first and second assignments of error are found not well-taken.
In their third assignment of error, appellants assert that the trial court erred by dismissing their criminal affidavits upon the prosecutor's motion. The trial court dismissed all eleven affidavits based on its conclusion that there is no provision in the law for a private citizen to file criminal charges in a court of common pleas.
Upon consideration of the foregoing, we find that the trial court properly dismissed appellants' affidavit. Charges may be prosecuted in the court of common pleas only by indictment or information and not by citizen affidavits. See Crim.R. 7(A). Accordingly, appellants' third assignment of error is not well-taken.
Upon consideration whereof, the judgment of the trial court denying appellants' motion to remove special prosecutor Dean Henry and the judgment dismissing the affidavit to cause the arrest or prosecution of Kellen Smith (case no. 01-CR-036) are affirmed. Costs of this appeal are assessed to appellants.
JUDGMENTS AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., Mark L. Pietrykowski,P.J., JUDGES CONCUR.