OPINION
The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, state of Ohio, appeals from a judgment of the Geauga County Court of Common Pleas granting a motion to dismiss in favor of appellee, Robert R. Wantz. For the reasons that follow, we affirm the judgment of the trial court.
On or about March 2001, appellee, a licensed Ohio attorney, represented Jillian Holder ("Holder") in the Geauga County Court of Common Pleas, regarding an aggravated murder charge. At Holder's trial, prosecuting attorney, David P. Joyce, and his assistants, Michael Quinlin and Darya Jefferies Klammer, represented the state of Ohio.
Ultimately, Holder was found guilty by a jury and was subsequently sentenced on her conviction. Following her conviction and sentencing, Holder obtained Al Purola ("Mr. Purola") as new counsel to represent her for the purpose of a petition for post-conviction relief.
As part of the petition, Mr. Purola accused the prosecution of withholding certain written statements which would exculpate Holder of any wrongdoing. These statements were allegedly made by an accomplice involved in Holder's case. As proof of this allegation, Mr. Purola submitted an affidavit signed by appellee attesting that the prosecution had failed to properly disclose written exculpatory statements made by the accomplice before trial.
In response to these allegations, the prosecution filed a motion for appointment of counsel for itself. Although the prosecution maintained that the alleged discovery violations were wholly unfounded, they recognized that such allegations would require them to become witnesses for the state. As a result, the prosecution requested appointment of outside counsel "to represent the State in all matters pertaining to the defendant's petition for postconviction relief."
On January 17, 2002, the trial court granted the prosecution's motion for appointment of counsel. In its order, the trial court stated, "[a]ttorney James R. Wooley is hereby appointed to represent the State of Ohio in all matters pertaining to the defendant's petition for postconviction relief."
Following the trial court's January 17, 2002 order of appointment, James R. Wooley ("Mr. Wooley") commenced his representation on behalf of the state of Ohio. Accordingly, he proceeded to act as special prosecutor regarding Holder's petition for post-conviction relief.
During his appointment, Mr. Wooley discovered evidence of possible perjured statements made by appellee in his affidavit. As a result, Mr. Wooley called and conducted a grand jury session in an attempt to indict appellee on charges of perjury. On July 12, 2002, appellee was indicted by a grand jury on two counts of perjury.
Appellee filed a motion to dismiss the indictment on September 3, 2002. In his motion to dismiss, appellee submitted that Mr. Wooley, as a special prosecutor, was limited in his access to a grand jury. Specifically, appellee argued that Mr. Wooley's appointment was limited only to those matters pertaining to Holder's petition for post-conviction relief. Therefore, appellee concluded that by obtaining the grand jury indictment, Mr. Wooley exceeded the power and authority bestowed upon him by the trial court's order of appointment.
On September 17, 2002, Mr. Wooley filed a brief in opposition to appellee's motion to dismiss. Mr. Wooley argued that the plain language of the order of appointment was sufficiently broad in scope to support the conclusion that he was authorized to conduct a grand jury investigation regarding appellee's alleged perjury.
On September 18, 2002, the trial court issued a judgment entry granting appellee's motion to dismiss. In its judgment entry the trial court stated, "[t]his motion presents a very narrow issue for consideration. * * * Did James R. Wooley exceed his authority as special prosecutor by conducting grand jury proceedings to obtain the within indictment against Robert R. Wantz? Rhetoric aside, the answer is `yes'!" The trial court found that appellee's alleged perjury was not a matter pertaining to Holder's petition for post-conviction relief.
From this judgment entry appellant filed a timely appeal and set forth the following assignment of error for our review:
"The trial court abused it's discretion in ruling that the special prosecutor exceeded his authority by presenting perjury charges against the defendant to the grand jury."
Prior to discussing the merits of appellant's assignment of error, we will first set forth the appropriate standard of review. An abuse of discretion standard is appropriate when reviewing a motion to dismiss. See, e.g., State v. Herrmann (Sept. 28, 1994), 4th Dist. No. 93 CA 2185, 1994 Ohio App. LEXIS 4505, at 13. Absent a finding that the trial court abused its discretion in granting appellee's motion to dismiss, the trial court's judgment will be upheld. Id. Abuse of discretion suggests more than just a mere error of law or judgment on the part of the trial court; rather it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
We now turn our attention to appellant's arguments under its sole assignment of error. Appellant maintains that a special prosecutor, who was appointed pursuant to a court's inherent power, may be appointed to perform any of the duties that are within the power and authority of an acting prosecutor. To determine the extent of a special prosecutor's authority, the language of the court's order of appointment must be analyzed. Appellant argues that the plain language of the order of appointment demonstrates that Mr. Wooley's authority as a special prosecutor extended to the presentment of perjury charges against appellee to a grand jury.
In the alternative, appellant contends that if the language of the order of appointment is deemed ambiguous, we must look beyond its four corners to determine the extent of Mr. Wooley's authority. Appellant concludes that the circumstances surrounding the order of appointment demonstrate the court's intent to grant Mr. Wooley the authority to pursue an indictment of appellee for perjury.
A special prosecutor may be appointed by either statute or inherent power of the court. See, e.g., State ex rel. Williams v. Zaleski (1984),12 Ohio St.3d 109. The case sub judice presents us with the appointment of a special prosecutor via the inherent power of the court.
The purpose of this inherent power is to relieve prosecutors of their prosecutorial duties when certain circumstances preclude them from effectively representing the state. The Supreme Court of Ohio has stated, "[o]ne may easily conceive of a variety of illustrations under which the prosecuting attorney would be embarrassed, and the performance of his duties rendered difficult, and no statutory provision has been made for such cases. Manifestly the appointment of an assistant under the direction of the prosecutor would not obviate the difficulty. One may also conceive circumstances * * * which, by reason of the prosecutor himself being under investigation, make it impossible that either he or any assistant under his direction should act." State ex rel. Thomas v.Henderson (1931), 123 Ohio St. 474, 479-480. See, also, Zaleski at 111.
Here, both parties concede that Holder's allegation of prosecutorial misconduct would most likely require members of the prosecution to be called as witnesses. Such a possibility created a conflict of interests which rendered it difficult, if not impossible, for the prosecution to effectively carry out its duties in this matter. As a result, neither party disputes the necessity for an actual appointment of a special prosecutor through the inherent power of the trial court.
The parties, however, do dispute the extent of Mr. Wooley's appointment as a special prosecutor. Specifically, was Mr. Wooley authorized to conduct grand jury proceedings regarding appellee's alleged perjury. It is well-established under Ohio law that private citizens have no right of access to a grand jury to bring criminal charges against another individual. Walton v. Judge, Wyandot Cty. Common Pleas Court,64 Ohio St.3d 564, 565, 1992-Ohio-5. Instead, under R.C. 2939.10, "only the prosecuting attorney, assistant prosecuting attorney, and, in certain cases, the Attorney General or special prosecutor * * * have access to the grand jury." Id.
Clearly, a special prosecutor retains the same powers as a prosecutor to access a grand jury for the purpose of presenting criminal charges. See, e.g., State ex rel. Johnson v. Talikka, 71 Ohio St.3d 109,1994-Ohio-260; In re July 1986 Ohio Bar Examination Applicant No. 719
(1991), 61 Ohio St.3d 307. R.C. 2939.10 specifically states:
"[T]he attorney general or the special prosecutor, respectively, shall have and exercise any or all rights, privileges, and powers of prosecuting attorneys * * *."
Consequently, through its inherent power the trial court can appoint a special prosecutor with the authority to call and conduct a grand jury session. For example, if the elected prosecutor were to be absent for an extended period of time, a special prosecutor could be appointed during that length of time for all purposes, as opposed to being appointed just for a particular case. On the other hand, the statute not only refers to "all rights, privileges and powers," it also refers to "any" rights, privileges and powers. The choice of "all" and "any" clearly means the appointment grant can be all inclusive or it can be limited.
In the case at bar, the trial court limited Mr. Wooley's appointment to Holder's petition for post-conviction relief. In its order of appointment, the trial court stated, "[a]ttorney James R. Wooley is hereby appointed to represent the State of Ohio in all matters pertaining to thedefendant's petition for postconviction relief." (Emphasis added.)
The language used by the trial court's order of appointment unambiguously limits Mr. Wooley's authority to his representation of the state to Holder's petition for post-conviction relief. The trial court properly noted that the indictment for perjury and the petition for post-conviction relief involved separate proceedings and individuals. Based on this reasoning, the trial court found that "[a] grand jury indictment of one of Holder's defense attorneys does not `pertain' to the State's defense of a petition for post-conviction relief."
We agree. The perjury indictment represented a totally separate matter that referenced not only a different defendant, but also different issues for resolution. The fact that Mr. Wooley was required to call a new grand jury and pursue a separate indictment demonstrates that this was not a matter pertaining to Holder's post-conviction relief. Accordingly, the trial court did not abuse its discretion by granting appellee's motion to dismiss.
We are also inclined to note that it does not appear that either res judicata or double jeopardy would preclude the state from further pursuing this matter.
Based upon the foregoing analysis, the trial court did not abuse its discretion by granting appellee's motion to dismiss. Appellant's assignment of error is without merit. The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Donald R. Ford, P.J., and Cynthia Wescott Rice, J., concur.