[Cite as *Pitts v. Heuberger*, 2023-Ohio-2794.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY


In re Jeremiah J. Pitts                                    Court of Appeals No.  OT-23-012

Trial Court No.  22 MI 70


**DECISION AND JUDGMENT**

Decided:  August 11, 2023

* * * * *


{¶ 1} This case is before the court on the motion of appellee, the state of Ohio, to dismiss the appeal for lack of a final, appealable order.  Defendant-appellant, Jeremiah J. Pitts, has filed a memorandum in opposition.  Appellee has filed a reply memorandum.  Appellant has also filed motions for the appointment of counsel and for the preparation of the transcripts at state expense.  For the following reasons, the state's motion to dismiss is granted, in-part, and appellant's motions for the appointment of appellate counsel and for the preparation of transcripts at state expense are denied.

**Relevant Facts and Procedural Background**

{¶ 2} On March 4, 2022, this court affirmed appellant's convictions for one count of corrupting another with drugs in violation of R.C. 2925.02(A)(3)(C)(1)(a), a felony of the second degree and one count of involuntary manslaughter in violation of R.C. 2903.04(A)(C), a felony of the first degree, which stemmed from the death of M.M., caused by an overdose of fentanyl. *State v. Pitts*, 6th Dist. Ottawa No. OT-21-019, 2022-Ohio-643.

{¶ 3} Appellant then filed an application to reopen his appeal on May 31, 2022. This court denied his application, but remanded the appeal to the trial court for the sole purpose of issuing of a nunc pro tunc sentencing entry "to comply with the requirements of the Reagan Tokes Law, which set forth that appellant 'is sentenced to a minimum prison term of ten (10) years and a maximum prison term of fifteen (15) years.'"

{¶ 4} On September 30, 2022, the trial court entered the nunc pro tunc entry to reflect that appellant "is sentenced to a minimum prison term of ten (10) years to a maximum prison term of fifteen (15) years." Appellant appealed that judgment, and this court dismissed the appeal in *State v. Pitts*, 6th Dist. Ottawa No. OT-22-015, for lack of a final appealable order finding that that "[a] nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken." *State v.*

2.

*Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph two of the syllabus.

{¶ 5} Pitts then filed a third appeal from the trial court's denial of his petition for postconviction relief, and that appeal remains pending in appeal No. OT-22-052.

{¶ 6} Meanwhile, in trial court No. 22MI070, Pitts filed the following motions against a witness who testified at trial against him: 1) a September 30, 2022 Accusation to Show Cause and Arrest of Prosecution, seeking a warrant for the arrest and prosecution of witness, 2) a February 24, 2023 motion for the appointment of a special prosecutor and empanelment of a special grand jury, 3) a March 3, 2023 motion for the appointment of a special prosecutor and empanelment of a special grand jury, 4) a March 3, 2023 motion requesting an order be given to prosecutor to ensure petitioner is given notice to all proceedings involving this case and appointment of counsel, 5) a March 3, 2023 motion for the release of grand jury transcripts related to his indictment. Appellant also filed several amended accusations for the arrest or prosecution of the witness.

{¶ 7} In a judgment journalized on March 30, 2023, the trial court denied appellant's "Accusations by Affidavit to Cause Arrest or Prosecution" regarding the witness. Also on March 30, 2022, the trial court denied appellant's March 3, 2023 motions to order a special grand jury and special prosecutor, motion to inspect the grand

3.

jury transcripts, and to give notice of defendant and to appoint counsel, and for the prosecutor to provide notice of the proceedings.

{¶ 8} On April 4, 2023, the trial court denied appellant's remaining motions to show cause and arrest of prosecution regarding the witness and his February 24, 2023 motion for a special grand jury and special prosecutor. The trial court also struck the name of the witness from the pleadings.

{¶ 9} The state argues, without analysis, that the trial court's judgments are not "final orders" under R.C. 2505.02. We agree, in-part, and dismiss the action with respect to the denial of appellant's motion related to his right to notifications of the proceedings as a "victim."

## Analysis

{¶ 10} This court has jurisdiction to hear appeals from final orders. Ohio Constitution, Article IV, Section 3(B)(2), states "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *."

{¶ 11} R.C. 2505.02 defines what is a final, appealable order, and states in pertinent part:

(A) As used in this section:

4.

(1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

(2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

(3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, * * *.

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

* * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 12} R.C. 2935.09(D) provides in relevant part, that "[a] private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney[.]" Under R.C. 2935.10(A), upon the filing of an affidavit or complaint that alleges the commission of a felony, the reviewing official (i.e., the judge, prosecuting attorney, or magistrate) must issue a warrant for the arrest of the person charged in the affidavit unless he "has reason to believe that it was not filed in good faith, or the claim is not meritorious[.]"  In that case, he shall forthwith refer the matter to the prosecuting attorney * * * for investigation prior to the issuance of warrant." *See also In re Doogs,* 6th Dist. Wood Nos. WD-21-012 and 013, 2021-Ohio-3760.

**{¶ 13}** R.C. 2935 does not provide a definition for "private citizen" and therefore does not necessarily exclude inmates from filing a complaint under the statute[1] in actions related to their own criminal cases. Because appellant has a "substantial right" under the statute as a "private citizen," as defined under R.C. 2505.02(A)(1), the trial court's orders denying appellant's motions for relief against the witness who testified against him were final orders under R.C. 2505.02(B)(1).

**{¶ 14}** Next, a common pleas court has inherent authority to appoint counsel to assist the grand jury in criminal matters where neither the prosecuting attorney nor his duly appointed assistant can perform these duties. *State ex rel. Williams v. Zaleski*, 12 Ohio St.3d 109, 111, 465 N.E.2d 861 (1984); citing *State ex rel. Thomas v. Henderson*,123 Ohio St. 474, 478, 175 N.E. 865 (1931)*; see also State v. Miller*, 4th Dist. Meigs No. 92CA496, 1993 WL 415306, *5 (Oct. 14, 1993) ("Regardless of the absence of any statutory authority, courts possess inherent power to appoint special prosecutors where regular prosecutors assert conflicts"). "A court's inherent authority is a power that is neither created nor assailable by acts of the legislature." *Hayslip v. Hanshaw*, 2016-Ohio-3339, 54 N.E.3d 1272, ¶ 19 (4th Dist.); citing *Welty v. Casper*, 10th Dist. Franklin

---

1 We note that R.C. 2953.21(K) provides that except for an appeal, "the remedy set forth in [R.C. 2953.21] is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." Therefore, while appellant is permitted under the statute to file a "private citizen" complaint, the resulting decision from the instant proceedings, alone, does not affect the validity of his conviction or sentence.

7.

Nos. 13AP-618 and 13AP-714, 2014-Ohio-2903, ¶ 11; citing *Hale v. State*, 55 Ohio St. 210, 215, 45 N.E. 199 (1896). Furthermore, R.C. 2939.04 states that "The court of common pleas may order the drawing of a special jury to set at any time public business requires it."

{¶ 15} The Supreme Court has held that an order that denies a petitioner's motion for a special prosecutor is final and appealable once the trial court enters a final order. *State ex rel. McGinty v. Eighth Dist. Court of Appeals*, 142 Ohio St.3d 100, 2015-Ohio-937, 28 N.E.3d 88. Similarly, the order denying appellant's motion for a special grand jury was merely an interlocutory order that merged with the final order dismissing appellant's "private citizen" claims against the witness.

{¶ 16} The trial court also examined whether appellant had a right to grand jury trial transcripts under Crim.R. 6, and whether he was entitled to notification as a "victim" under R.C. 2930.01(H), the statutory framework known as "Marsy's Law."

{¶ 17} Crim.R. 6(E) provides, in relevant part:

A grand juror, prosecuting attorney, interpreter, court reporter, or typist who transcribes recorded testimony, may disclose other matters occurring before the grand jury, only when so directed by the court *preliminary to or in connection with a judicial proceeding*, or when permitted by the court at the request of the defendant upon a showing that

8.

grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. (Emphasis added).

{¶ 18} A criminal defendant only has a right to grand jury testimony before or during one's own trial. *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), paragraph one of the syllabus. In this case however, appellant is seeking to enforce his rights as a "private citizen" "*in connection with a judicial proceeding.*" Under the facts limited to this case, we find that the order for grand jury testimony is final and appealable under R.C. 2505.02(B)(1).

{¶ 19} Finally, with the respect to the order denying enforcement of any rights as a "victim" under R.C. 2930.01, Marsy's Law, that portion of the trial court's March 30, 2023 order is a nullity.

{¶ 20} Pursuant to R.C. 2930.01(H) and Section 10a, Article I of the Ohio Constitution, "victim" is defined as "a person against whom the criminal offense or delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act." A "case" under R.C. 2930.01(L) is defined as "a delinquency proceeding and all related activity or a criminal prosecution and all related activity." "Prosecution" under R.C. 2930.01(N) means, in relative part, the prosecution of criminal charges in a criminal prosecution. Finally, "prosecutor" with respect to criminal cases, "has the same meaning as in section 2935.01 of the Revised Code and also includes the attorney general and, when appropriate, the employees of any person

9.

listed in section 2935.01 of the Revised Code or of the attorney general." R.C. 2930.01(E).

{¶ 21} Pursuant to R.C. 2935.10(A), if an affidavit filed under R.C. 2935.09 charges a felony, the judge, clerk, or magistrate with whom the affidavit is filed must issue a warrant for the arrest of the person charged in the affidavit unless the judge, clerk, or magistrate "has reason to believe that it was not filed in good faith, or the claim is not meritorious." "[O]therwise, he shall forthwith refer the matter to the *prosecuting attorney* or other attorney charged by law with *prosecution* for investigation prior to the issuance of warrant." R.C. 2935.10(A). Because the below proceedings were initiated by appellant as a "private citizen" under R.C. 2935.09, and the matter was not referred to the "prosecutor" for "prosecution" as defined under R.C. 2935.01, appellant is not entitled to a ruling on his motion for notifications as a "victim" under R.C. 2930, Marsy's Law, and the order denying his motion is a nullity.

{¶ 22} We make no determination as to the merits of appellant's appeal, but this court has jurisdiction to review the trial court's dismissal of appellant's "private citizen" complaint and his motions for a special prosecutor, a special grand jury, and to review grand jury transcripts.

{¶ 23} Turning to appellant's motion for the appointment of appellate counsel, in *State ex rel. Jenkins v. Stern*, 33 Ohio St.3d 108, 110, 515 N.E.2d 928 (1987), the court states,

10.

There is no generalized right of counsel in civil litigation. As the court observed in *Potashnick v. Port City Constr. Co.* (C.A. 5, 1980), 609 F.2d 1101, certiorari denied (1980), 449 U.S. 820:

* * * [C]ertain distinctions can be made between the rights of civil litigants and those of criminal defendants. A criminal defendant's right to counsel arises out of the sixth amendment, and includes the right to appointed counsel when necessary. * * * A civil litigant's right to retain counsel is rooted in fifth amendment notions of due process; the right does not require the government to provide lawyers for litigants in civil matters. * * * A criminal defendant faced with a potential loss of his personal liberty has much more at stake than a civil litigant asserting or contesting a claim for damages, and for this reason the law affords greater protection to the criminal defendant's rights. (Citations omitted.) *Id.* at 1118.

{¶ 24} Finding that appellant is a civil litigant in this appeal, his motion for the appointment of counsel at state expense is denied.

{¶ 25} Furthermore, we find that even though appellant is indigent, he has no due process rights to a transcript at state expense in a civil case as he has requested in his motion. *Matyaszek v. Howell*, 8th Dist. Cuyahoga No. 51813, 1987 WL 7890, *2 (Mar. 12, 1987), citing *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct 585, 100 L.Ed. 891 (1956). Furthermore, the record does not reflect that any hearing was held which would

require transcription.  Therefore, appellant's motion for transcripts at the state's expense is denied.

**Conclusion**

{¶ 26} Appellee's motion to dismiss is found well-taken, in part, and the portion of the trial court's March 30, 2023 order denying appellant's motion for notification of proceedings as a "victim" is dismissed.  Appellant's motions for the appointment of appellant counsel and for transcripts at the state's expense are denied.

{¶ 27} It is so ordered.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
                                    JUDGE

Christine E. Mayle, J.

_____
Myron C. Duhart, P.J.                JUDGE
CONCUR.

_____
                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.