[Cite as *In re Complaint Against Beatty*, 2017-Ohio-8588.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

In the Matter of a Criminal Complaint,   :
Filed by Robert L. Hillman
Against Judge Laurel A. Beatty,         :        No. 17AP-293
                                     (C.P.C. No. 16MS-342)
             Appellant.       :

                                  (ACCELERATED CALENDAR)

                         :

D E C I S I O N

Rendered on November 16, 2017

**On brief:** *Robert L. Hillman*, pro se.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Robert L. Hillman appeals from a letter from the office of the Franklin County Prosecuting Attorney ("FCPA") dated April 11, 2017. For the following reasons, we dismiss this appeal for lack of a final appealable order.

## I. History

{¶ 2} This case is the latest in a series of filings initiated by appellant seeking to cause the prosecution of certain individuals pursuant to R.C. 2935.09 and 2935.10. *See Hillman v. Larrison*, 10th Dist. No. 15AP-730, 2016-Ohio-666; *Hillman v. O'Shaughnessy*, 10th Dist. No. 16AP-571, 2017-Ohio-489.

{¶ 3} On June 28, 2016, the administrative judge of the Franklin County Court of Common Pleas filed a copy of a letter he wrote to the court's visiting judge. In the letter, the administrative judge recused himself and referred the underlying matter to the visiting judge. Attached to the letter was a pleading filed by appellant in the common pleas court captioned "Affidavit of Accusation and Criminal Complaint, Pursuant to R.C. 2935.09 & 2935.10" against Judge Laurel Beatty of the common pleas court. On June 30,

2016, the administrative judge filed an entry recusing himself and assigning the matter to the visiting judge.

{¶ 4}    On July 6, 2016, the trial court filed a decision and entry in which the court found appellant's allegations were insufficient to establish probable cause for the issuance of a warrant pursuant to R.C. 2935.10.  As a result, the court referred the matter to the FCPA for investigation.

{¶ 5}    On October 7, 2016, appellant filed a "request for a special prosecutor" asserting that the FCPA was "acting in bad faith and a[n] improper motive."  On February 14, 2017, appellant filed a pleading requesting the trial court be compelled to issue a ruling or transfer the matter to another visiting judge.

{¶ 6}    On April 25, 2017, appellant filed a notice of appeal from a letter dated April 11, 2017 from the FCPA, which appellant attached to his notice of appeal.  In the letter, the FCPA indicated it had reviewed appellant's case and determined that there was "insufficient evidence to support the criminal charges you have alleged" and "[a]s a result, there will be no additional action taken by this office with regard to your complaints."

## II.  Assignments of Error

{¶ 7}    Appellant appeals and assigns the following three assignments of error for our review:

> [I.] THE FRANKLIN COUNTY PROSECUTOR'S OFFICE VIOLATED THE APPELLANT'S STATES AND FEDERAL RIGHTS UNDER THE 1ST, 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS WHEN THE PROSECUTOR FAILED TO PROVIDE APPELLANT A FULL AND FAIR REVIEW OF HIS CLAIMS PURSUANT TO HIS AFFIDAVIT OF ACCUSATION FILED UNDER R.C. 2935.09 AND R.C. 2935.10, THUS ABUSING ITS DISCRETION, AND DENYING THE APPELLANT MEANINGFUL ACCESS TO THE COURTS BY WHICH HE COULD PETITION THE GOVERNMENT FOR REDRESS OF INJURY.
>
> [II.] THE FRANKLIN COUNTY PROSECUTOR'S OFFICE DENIED THE APPELLANT DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHEN IT MISINTERPRETED R.C. 2921.31 (A) TO MEAN THAT APPELLANT HAD TO BE A PUBLIC OFFICIAL IN ORDER TO FILE A CLAIM THAT THE DEFENDANT JUDGE BEATTY HAD VIOLATED R.C. 2921.31 MAKING ITS FINDINGS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND

CONTRARY TO STATUTORY LAW. ALONG WITH ITS ERRONEOUS FINDINGS CONCERNING R.C. 2921.22, r.c. 2921.32 (A)(4)(5) AND (6)

[III.] THE FRANKLIN COUNTY PROSECUTOR DENIED APPELLANT DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHEN HE REFUSED TO PROSECUTE THE DEFENDANT WHICH WAS SELECTIVE PROSECUTION, AND A CONFLICT OF INTEREST. WHERE APPELLANT REQUESTED A SPECIAL PROSECUTOR, AND NEVER RECEIVED A RULING ON SAID MOTION IN VIOLATION OF APPELLANT'S 1ST, 5TH, AND 14TH AMENDMENT RIGHTS TO BOTH PROCEDURAL AND SUBSTANTIVE DUE PROCESS OF LAW. SEE ALSO R.C. 2930.04 THROUGH 2930.06 WHICH WERE VIOLATED.

(Sic passim.)

## III. Discussion

{¶ 8} Appellant, in his three assignments of error, contends that the FCPA violated his rights by: (1) failing to provide a full and fair review of the allegations in his affidavit, (2) incorrectly finding that appellant had to be a public official under R.C. 2921.31, and (3) failing to pursue charges as alleged by appellant. We begin by considering our jurisdiction to hear this appeal.

{¶ 9} "Courts of appeals have jurisdiction to review final orders of lower courts." *Jack Maxton Chevrolet, Inc. v. Hanbali*, 10th Dist. No. 15AP-816, 2016-Ohio-1244, ¶ 6, citing Ohio Constitution, Article IV, Section 3(B)(2). Trial court orders are final and appealable if they meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). An appellate court uses a two-step analysis to determine whether an order is final and appealable: (1) the court determines whether the order is final within the requirements of R.C. 2505.02, and (2) the court determines whether Civ.R. 54(B) applies and, if so, whether the order being appealed contains a certification that there is no just reason for delay. *Id.* at ¶ 6, citing *Eng. Excellence, Inc. v Northland Assocs., L.L.C.*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 11.

{¶ 10} Here, appellant does not point to an order of a lower court for review, but rather the April 11, 2017 letter of the FCPA. However, a letter from the FCPA is not a "judgment or final order[] of [a] court[] of record inferior to" this court. Ohio Constitution, Article IV, Section 3(B)(2). Nor does the letter comply with the

requirements of R.C. 2505.02. Furthermore, there is no statutorily created right to appeal the determination of a prosecuting attorney under R.C. 2935.09 and 2935.10.

{¶ 11} Therefore, we conclude that the FCPA's April 11, 2017 letter was not a final appealable order. Accordingly, this court lacks jurisdiction and the appeal must be dismissed for lack of a final appealable order.

*Appeal dismissed.*

TYACK, P.J., DORRIAN, J., and HORTON, J., concur.

———————