*475
 
 By the Court
 

 (Marshall, C. J.).
 

 Cause No. 22863 is an original suit in this court in
 
 quo warranto
 
 to inquire into the right of the defendants to exercise or perform the duties of prosecuting attorney, assistant prosecuting attorney, or special prosecuting attorney, in Mahoning county, Ohio, during the session of a special grand jury called in said county.
 

 Cause No. 22890 is an original action in this court seeking the writ of prohibition to prohibit the common pleas judges of Mahoning county from further proceeding with the enforcement of an order whereby a special grand jury was called and A. M. Henderson, Fred J. Heim and Theodore A. Johnson, defendants in cause No. 22863, were appointed as counsel to advise said grand jury in the course of its deliberations.
 

 On March 26, 1931, acting upon alleged information in the possession of the judges of the court of common pleas of Mahoning county, Ohio, said judges, without notice to the prosecuting attorney, made and entered upon the journal of said court of common pleas of Mahoning county an order in which it was recited that a grand jury had been duly and regularly summoned, impaneled, and sworn to inquire into and to investigate, among other things, the acts of certain persons, officers, offices and corporations, in order to present offenses, if any had been committed in Mahoning county, Ohio. It was expressly stated in said order that the scope of the investigation of the grand jury was not limited, but the said grand jury was particularly directed to “proceed, first, to inquire into and investigate the
 
 *476
 
 acts and conduct and doings of the Prosecuting Attorney of Mahoning county, Ohio, and of his office, both directly and as a part of the administration of justice in this county.” Said order further recited that, by reason of the fact that the grand jury was instructed to investigate the conduct, acts, and doings of the prosecuting attorney, such inquiry would disable the prosecuting attorney and his assistants appointed by him from assisting in said inquiry and investigation, and the court therefore appointed to assist the grand jury in the performance of its duties the said Henderson, Johnson and Heim, all duly qualified members of the bar of the state of Ohio, and practicing their profession in the county of Mahoning.
 

 The defendants in cause 22863 filed an answer stating in detail alleged misconduct of the prosecuting attorney, which, if true, calls for an investigation of the prosecuting attorney and his office. Some of the matters narrated in the answer were within the personal knowledge of at least one of the judges, and other matters came to the attention of the judges of the court of common pleas of Mahoning county in such manner as made them feel impelled to take action. The complaint of the relator is that they have not acted in a legal manner, in that there is no statutory authority for the particular course pursued, and, further, that the relator was not notified of the intended action of the court, nor given an opportunity to explain his conduct.
 

 It is apparently the theory of relator and his counsel that charges should have been filed against him, and that he should have been given an opportunity
 
 *477
 
 to answer the charges and to have the judgment of the court thereon. It is pointed out that there is no statutory provision for the particular course followed by the judges. Our attention is called to Section 2912, General Code, which provides for filling a vacancy in the office of prosecuting attorney in case of sickness or disability; Section 2412, which provides for the employment of temporary legal counsel to assist the prosecuting attorney; and Section 13439-15, providing for the appointment of an assistant to the prosecuting attorney in the trial of a pending case, where the court is of the opinion that the public interest requires it.
 

 None of the sections referred to makes provision for the selection of counsel to aid and advise the grand jury in its deliberations where the prosecuting attorney himself is charged with misconduct, and where the prosecuting attorney himself, and the conduct of his office, is the subject-matter of investigation. Section 2913, General Code, makes provision for taxpayers filing in the court of common pleas charges and specifications of wanton and wilful neglect of duty or gross misconduct in office on the part of the prosecuting attorney, but no such complaint has been filed; and manifestly the judges should not act in their capacity as taxpayers, nor should they instigate other taxpayers to do so.
 

 If, as counsel for the relator contends, there is no definite, specific statutory provision for investigating the prosecuting attorney, and the conduct of his office, by the same token it must be conceded that there is no statutory provision for the judges of the court of common pleas to file charges against the
 
 *478
 
 prosecuting attorney and personally to hear and determine such charges and to render a judgment against him declaring his temporary disqualification.
 

 It must be borne in mind that this proceeding is not one for the removal of the prosecuting attorney from office, or to appoint another prosecuting attorney in his place; neither is it an effort to appoint an assistant to the prosecuting attorney. The appointment of an assistant implies that such assistant would be under the direction of the prosecuting attorney himself. If there is any virtue in the proceedings which have resulted in the selection of counsel to aid and advise the grand jury, that virtue must be found in the selection of counsel who would be entirely independent of any influence on the part of the prosecuting attorney himself.
 

 There being no definite specific statutory provision for a finding of the temporary disqualification of the prosecuting attorney, it only remains to inquire whether the court possesses inherent power in the premises.
 

 It is not doubted that the court of common pleas has the power to call a grand jury into session and to instruct it. In the opinion of this court, there is no question of the right of the court to appoint counsel to aid and advise the grand jury concerning the matters presented to it, provided such counsel absent themselves from the jury room during the deliberations and the taking of the vote upon questions being determined by it. The power of the court, in the investigation of criminal charges, to appoint counsel to represent the state, without legislative authority therefor, was first exercised by the court of general quarter sessions, at Marietta, September 9, 1788.
 
 *479
 
 That power was later followed by the general court of the territory in appointing an Attorney General to represent the territory. The inherent powers of the courts of justice have been declared by this court numerous times; the following being among the most important cases:
 
 In re Thatcher,
 
 80 Ohio St., 492, 653, 89 N. E., 39;
 
 Hale
 
 v.
 
 State,
 
 55 Ohio St., 210, 45 N. E., 199, 36 L. R. A., 254, 60 Am. St. Rep., 691;
 
 State, ex rel. Turner, Atty. Gen.,
 
 v.
 
 Albin,
 
 118 Ohio St., 527, 161 N. E., 792;
 
 State
 
 v.
 
 Townley,
 
 67 Ohio St., 21, 65 N. E., 149, 93 Am. St. Rep., 636;
 
 Schario
 
 v.
 
 State,
 
 105 Ohio St., 535, 138 N. E., 63;
 
 State, ex rel. McKean,
 
 v.
 
 Graves, Secy. of State,
 
 91 Ohio St., 23, 109 N. E., 528.
 

 It is the declaration of the court in those cases that there are certain powers inherent in courts of justice, created by the Constitution, which the General Assembly has no power to abridge, and included among these are all powers necessary to the exercise of judicial functions and the conservation of the peace. The power already exercised in this matter by the court of common pleas of Mahoning county is not in general inconsistent with the power recognized and declared in those cases.
 

 One may easily conceive of a variety of illustrations under which the prosecuting attorney would be embarrassed, and the performance of his duties rendered difficult, and no statutory provision has been made for such cases. Manifestly the appointment of an assistant under the direction of the prosecutor would not obviate the difficulty. One may also conceive circumstances like those presented in this case, which, by reason of the prosecutor himself being un
 
 *480
 
 der investigation, make it impossible that either he or any assistant under his direction should act.
 

 While recognizing the inherent power, this court does not approve the manner of its exercise.
 

 The relator complains that he was given no opportunity to explain the misconduct with which he is charged, and which was the basis of the order which has been placed upon the journal of the court of Mahoning county. Inasmuch as the court was proceeding under its inherent power, and implied authority inherent in courts of justice, it should proceed, with the same regard for the rights of the prosecuting attorney* who is charged with misconduct as would be accorded to any other officer who might be debarred from discharging the functions of office by virtue of
 
 statutory
 
 authority. The principal complaint of relator is that he was not given an opportunity to explain before the order was made. We think therefore, that this opportunity should be afforded before the investigation further proceeds. Inasmuch as an issue of fact is to be made in the cause now pending in this court, it would be much simpler to give the prosecuting attorney an opportunity to present any evidence he desires to offer in his behalf before the court of common pleas of Ma-honing county.
 

 It should further be added that the judges of the common pleas court have no power to hear and finally determine the truth of the charges against the prosecuting attorney, as a basis for his temporary disqualification, and the hearing to be conducted must necessarily be in the nature of a preliminary inquiry to determine the probable disqualification of
 
 *481
 
 the prosecuting attorney, and whether the grand jury should be instructed to further investigate.
 

 It is the judgment of the court in cause No. 228G3 that, by reason of the failure of the answer to allege that the order of March 26,1931, was made upon notice and an opportunity to the relator to present evidence, the demurrer to the answer must be sustained, and, it being apparent that this defect cannot be remedied at this time, final judgment is entered in favor of the relator.
 

 In cause No. 22890 it is the judgment of the court that the demurrer to the petition be overruled, for the reason that it appears from the allegations of the petition that no notice was given to relator, and, it being equally apparent that this defect cannot be remedied, final judgment is entered in favor of relator.
 

 Judgments accordingly.
 

 Jones, Matthias, Day, Allen and Robinson, JJ., concur.
 

 Kinkade, J., not participating.