[Cite as *Hillman v. Larrison*, 2016-Ohio-666.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Robert L. Hillman,                        :

      Plaintiff-Appellant,          :          No. 15AP-730
                                                   (C.P.C. No. 15CV-2664)
v.                                                :
                                                   (ACCELERATED CALENDAR)
David Larrison,                           :

      Defendant-Appellee.          :

---

D E C I S I O N

Rendered on February 23, 2016

---

**On brief:** *Robert L. Hillman*, pro se.

**On brief:** *Richard C. Pfeiffer, Jr.*, City Attorney, and *Timothy J. Mangan*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Robert L. Hillman, plaintiff-appellant, appeals the judgment of the Franklin County Court of Common Pleas, in which the court granted the motion to dismiss filed by David Larrison, defendant-appellee, and assigned costs to appellant.

{¶ 2} Appellant is an inmate at the Chillicothe Correctional Institution. On March 27, 2015, appellant filed a pleading captioned "(ACCUSATION BY AFFIDAVIT) (CRIMINAL COMPLAINT)" ("affidavit") against appellee, who is a city of Columbus police officer. Appellant alleged in the affidavit that appellee committed perjury during appellant's criminal trial. Appellant's affidavit specifically indicated it was being filed, pursuant to R.C. 2935.09 and 2935.10, which permit a private citizen to file an affidavit charging an offense against another person.

{¶ 3}   On April 24, 2015, appellee filed a motion to dismiss for failure to state a claim upon which relief could be granted. Appellee asserted that (1) there is a process within the criminal justice system for arrest warrants to be issued, but a suit in a civil case is not part of that process, and (2) appellant failed to file an affidavit of prior civil actions that complies with R.C. 2969.25(A).

{¶ 4}   On May 14, 2015, appellant filed a motion arguing that the court lacked jurisdiction over the case. Appellant asserted that the clerk of courts deliberately misfiled the case as a civil case when it was clearly an affidavit filed under R.C. 2935.09. Appellant requested that the trial court not issue any finding but, instead, transfer the case to criminal court or forward it to the prosecutor's office for investigation.

{¶ 5}   On July 15, 2015, the trial court issued an order in which it granted appellee's motion to dismiss, terminated the case, and assigned costs to appellant. On July 30, 2015, the trial court issued a cost bill for $95.  Appellant appeals the judgment of the trial court, asserting the following assignment of error:

> THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT IMPOSED UPON THE APPELLANT COURT COST AND FILING FEES WITHOUT HAVING ACQUIRED SUBJECT-MATTER OR PERSONAL JURISDICTION OVER THE CASE IN VIOLATION OF THE APPELLANT'S 1ST, 5TH, AND 14TH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTIONS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW.

{¶ 6}   In his assignment of error, appellant argues that the trial court erred when it imposed court costs and filing fees on him without having acquired subject-matter or personal jurisdiction. Specifically, appellant contends that he did not file a motion to dismiss but, instead, filed a motion stating that the trial court had no jurisdiction to do anything because it was misfiled by the clerk of courts as a civil matter when it was an affidavit pursuant to R.C. 2935.09. He asserts that the trial court could not order him to pay the costs of an action that he never intended to file.

{¶ 7}   Appellant filed his affidavit pursuant to R.C. 2935.09 and 2935.10. R.C. 2935.09 provides

> (A)  As used in this section, "reviewing official" means a judge of a court of record, the prosecuting attorney or attorney

charged by law with the prosecution of offenses in a court or before a magistrate, or a magistrate.

(B)  In all cases not provided by sections 2935.02 to 2935.08 of the Revised Code, in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer or a private citizen having knowledge of the facts shall comply with this section.

(C)  A peace officer who seeks to cause an arrest or prosecution under this section may file with a reviewing official or the clerk of a court of record an affidavit charging the offense committed.

(D)  A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume.

{¶ 8}  R.C. 2935.10 provides, in pertinent part:

(A)  Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant.

{¶ 9}  Therefore, pursuant to R.C. 2935.09(D), the following procedures must be followed when a private citizen seeks to cause an arrest or prosecution of another person: (1) the private citizen completes an affidavit charging the offense committed, (2) the private citizen files the affidavit with a reviewing official, and (3) the reviewing official

reviews the affidavit to determine if a complaint should be filed with the prosecuting attorney. Furthermore, if it is before or after normal business hours of the reviewing official, the private citizen may file the affidavit with the clerk of courts for the reviewing official, and the clerk must forward it to a reviewing official when the reviewing official's normal business hours resume.

{¶ 10} R.C. 2935.10 provides subsequent procedures that must be followed by a judge, clerk, or magistrate upon the filing of an affidavit under R.C. 2935.09 that charges a felony, as appellant's affidavit did here. In such circumstances, the judge, clerk, or magistrate may: (1) issue a warrant for the arrest of the person charged in the affidavit, if the judge, clerk, or magistrate has no reason to believe that it was not filed in good faith or the claim is not meritorious, or (2) refer the matter to the prosecuting attorney for investigation prior to the issuance of a warrant, if the judge, clerk, or magistrate has reason to believe that it was not filed in good faith or the claim is not meritorious.

{¶ 11} In the present case, appellant submitted his affidavit to the clerk of courts. The clerk of courts filed the affidavit, assigned the affidavit a civil case number, and assigned it to a judge. Appellee then filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), based upon failure to state a claim arguing that appellant sought only the arrest and prosecution of appellee but no damages. Appellee asserted that there exists a process within the criminal justice system for arrest warrants to be issued, but a suit in a civil case is not part of that process. Appellee also contended that appellant's affidavit should be dismissed because appellant failed to file an affidavit of prior civil actions, pursuant to R.C. 2969.25(A), which applies when an inmate commences a civil action or appeal against a governmental entity or employee.

{¶ 12} Subsequent to appellee's filing of his motion to dismiss, appellant filed a motion asserting that the court lacked subject-matter jurisdiction over the case. Appellant contended that the case was misfiled by the clerk of courts as a civil complaint, as opposed to an affidavit pursuant to R.C. 2935.09. Appellant requested that the court not dismiss the matter but, instead, transfer it to the criminal division or prosecutor's office for investigation.

{¶ 13} We do not reach the ultimate issue raised by appellant's assignment of error regarding the trial court's charging of costs because the trial court failed to follow the

procedures outlined in R.C. 2935.09 and 2935.10. Appellant's affidavit was certified by a notary public and indicates in its first sentence that it is being filed pursuant to R.C. 2935.09(A) and (D) and 2935.10. Appellant intended to file his affidavit with a trial court judge as the reviewing official by filing it with the clerk of courts. The clerk of courts filed the matter and assigned it to a judge. At this point, the judge was required to review the affidavit to determine if it should be filed with the prosecuting attorney. If the judge had no reason to believe that the affidavit was not filed in good faith or the claim was not meritorious, the judge should have issued a warrant for the arrest of appellee. If the judge had reason to believe that the affidavit was not filed in good faith or the claim was not meritorious, the judge was required to refer the matter to the prosecuting attorney for investigation prior to the issuance of a warrant. In the present case, the judge dismissed the action without making the determinations required by R.C. 2935.09 and 2935.10.

{¶ 14} As the court in *State ex rel. Brown v. Jeffries*, 4th Dist. No. 11CA3275, 2012-Ohio-1522, explained, when "R.C. 2935.10 applies [it] affords the reviewing official only two options: 1) issue a warrant or 2) refer the matter to the prosecutor for investigation if there is a belief that the affidavit lacks a meritorious claim, i.e. probable cause, or was not made in good faith." *Id.* at ¶ 9, citing *State ex rel. Boylen v. Harmon*, 107 Ohio St.3d 370, 2006-Ohio-7, ¶ 7. *See also State ex rel. Capron v. Dattilio*, 7th Dist. No. 15 CO 008, 2015-Ohio-1900, ¶ 5, citing *In re Slayman*, 5th Dist. No. 08CA70, 2008-Ohio-6713, ¶ 21 (finding that because relator alleged a charge of perjury, a third-degree felony, R.C. 2935.10 applies and affords the reviewing official only two options: (1) issue a warrant or (2) refer the matter to the prosecutor for investigation if there is a belief that the affidavit lacks a meritorious claim or was not made in good faith). "R.C. 2935.10 does not provide the trial court with the third option of summarily dismissing the matter." *Brown* at ¶ 10. Because the trial court in the present case summarily dismissed appellant's affidavit, we must remand the matter to the trial court to follow the procedures set forth in R.C. 2935.09 and 2935.10.

{¶ 15} We note that we do not reach several issues related to the practical application of R.C. 2935.09 and 2935.10, such as whether a case filed pursuant to these statutes should be assigned a civil case number, a criminal case number, some other type of case number, or no case number at all. This is an issue for the clerk of courts to

consider.  Any legal ramifications resulting from such a determination are left for another day. Therefore, we conclude the issue raised in appellant's assignment of error is not justiciable in the present appeal, and it is therefore moot as of this time.

{¶ 16} Accordingly, appellant's assignment of error is moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed and cause remanded.*

DORRIAN, P.J., and TYACK, J., concur.

_____