**[Cite as *In re Pitts*, 2024-Ohio-1618.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

In re Jeremiah J. Pitts

Court of Appeals No.  OT-23-012

Trial Court No.  22 MI 70

**DECISION AND JUDGMENT**

Decided:  April 26, 2024

* * * * *

Jeremiah Pitts, pro se

* * * * *

**MAYLE, J.**

**{¶ 1}** The appellant, Jeremiah J. Pitts, appeals the April 4, 2023 judgment by the Ottawa County Court of Common Pleas that dismissed his affidavit, filed pursuant to R.C. 2935.09(D), that sought the arrest and prosecution of another person on a felony charge of perjury.  Because the trial court failed to comply with R.C. 2935.10(A)—which requires a court to either (1) issue an arrest warrant or (2) refer the matter to the prosecuting attorney for investigation—we reverse and remand.

## I. Background

{¶ 2} This case began with the pro se filing of an "Accusation by Affidavit to show cause and Arrest of Prosecution" by Jeremiah J. Pitts on September 30, 2022, in the Ottawa County Court of Common Pleas. The 20-page, single spaced document lacks any enumerated paragraphs or clearly identified claims, in violation of Civ.R. 10(B). Based upon the caption of Pitts's filing, this case was interpreted as a citizen's complaint under R.C. 2935.09 ("Accusation by affidavit to cause arrest or prosecution").

{¶ 3} In his affidavit, Pitts requested that criminal charges be filed against his former girlfriend, M.H., for "knowingly [providing] false testimony" when she testified on behalf of the state in *State v. Pitts,* Ottawa County Common Pleas Court, case No. 2020-CR-014. Following a jury trial, Pitts was convicted of corrupting another with drugs, in violation of R.C. 2925.02(A)(3) and (C)(1)(a), a felony of the second degree, and one count of involuntary manslaughter, in violation of R.C. 2903.04(A)and (C), a felony of the first degree. The criminal case against Pitts stemmed from the August 27, 2019 death of M.M. (hereinafter "the victim") who died of fentanyl overdose. Pitts was ordered to serve 10 to 15 years in prison by judgment dated June 22, 2021.[1]

---

[1] Pitts appealed his conviction, which we affirmed in *State v. Pitts,* 6th Dist. Ottawa No. OT-21-019, 2022-Ohio-643, *appeal declined,* 2022-Ohio-2047. Pitts filed to reopen his appeal under App.R. 26(B), but his application was denied in *State v. Pitts,* 6th Dist. Ottawa No. OT-21-019 (Jul. 19, 2022). A subsequently-filed petition for post-conviction relief was also denied by the trial court and affirmed in *State v. Pitts,* 6th Dist. Ottawa No. OT-22-052, 2023-Ohio-3545. Pitts has also appealed the trial court's denial of two motions which are currently pending before us: his motion for leave to file a delayed motion for a new trial (case No. OT-24-011) and his motion to add "newly

2.

**{¶ 4}** In his affidavit, Pitts claims that M.H. was the "state's key witness" who was offered immunity in exchange for her testimony. Pitts claims that M.H. made "false statements" and "outright lies" under oath, which "negatively infested the legal process" and "the decision of the trial jury." Pitts describes, in great detail, the sequence of events which led to, and followed, the victim's overdose. According to Pitts, it was M.H. who provided the victim with drugs.

**{¶ 5}** Pitts seeks to have M.H. charged criminally, for committing the offense of perjury, in violation of R.C. 2921.11, a felony of the third-degree. Attached to Pitt's affidavit are a number of exhibits from his criminal case, including excerpts from his criminal transcript, a "case report" from the Port Clinton Police Department pertaining to its "overdose death investigation" of the victim, the coroner's report and the victim's death certificate, an affidavit for a search warrant and order granting said search warrant, a hand-drawn map, and photographs of M.H.

**{¶ 6}** Pitts filed an "Amended Accusation by Affidavit to Cause Arrest or Prosecution" on March 13, which he then refiled on March 20, 2023. The amended affidavits clarify that Pitts is seeking relief under R.C. 2935.09 and 2935.10.

**{¶ 7}** Pitts also filed several motions in this case. All of them were predicated on his claim he was "convicted on perjured testimony."

discovered" evidence to the record (case No. OT-24-012). An underlying argument in each of these filings was Pitts's claim that he was "convicted on perjured testimony."

3.

**{¶ 8}** Of relevance to this appeal, Pitts filed a "motion requesting special grand jury and special prosecutor to investigate perjured testimony" on February 24, 2023, and refiled on March 3, 2023. In support of his motions, Pitts cited Chapter 177 of the Ohio Revised Code (which pertains to organized criminal activity), and R.C. 2939.17 (which concerns when a new grand jury may be summoned). Pitts argued that the current Ottawa County Prosecutor "could never be objective in handling an investigation of this nature [because] the State's own witnesses are those who provided the false testimony at the trial of the Plaintiff." Separately, Pitts requested the appointment of a special grand jury, consisting of "an equitable composition of the people of Ottawa County."

**{¶ 9}** On March 3, 2023, Pitts also filed a motion to unseal, and for an in-camera inspection of, the grand jury transcripts from his criminal trial. Pitts argued that agents working for the Ottawa County Drug Task Force interviewed M.H. while she was hospitalized and "high" on "illegal street drugs." The agents then presented M.H.'s "mind altered recording" to the grand jury. Pitts argues that, given M.H.'s drug usage, her statements were "confirmed to be unreliable" *and* the agents' testimony before the grand jury "about the interview" amounts to "false evidence." Pitts claims that he needs the grand jury transcripts to "further * * * justice."

**{¶ 10}** On March 30, 2023, the trial court denied all pending motions through a series of judgment entries. In its final judgment entry, dated April 4, 2023, the trial court dismissed the case.

4.

**{¶ 11}** Pitts appealed, raising four assignments of error for our review. By order dated July 10, 2023, we ordered his third assignment of error—alleging that the trial court erred in refusing his request for appointed counsel and in not ordering the state to "give [Pitts] notice [of] all proceedings"—stricken from the record. The remaining assignments are set forth below:

ASSIGNMENT OF ERROR NO. I: The trial court erred and abused its discretion in denying Appellant's "Accusation by Affidavit to Cause Arrest or Prosecution," where the Appellant complied with the requirements of R.C. 2935.09 and 2935.10, to which is an affidavit charging the offense committed and presented to a Reviewing Official, the Trial Court failed its obligation. [Sic]

ASSIGNMENT OF ERROR NO. II: The Trial Court erred and abused its discretion in denying Appellant's *Motion requesting a Special Grand Jury and Special Prosecutor to Investigate Perjured Testimony* where the Appellant brought to the attention Due Process Violations of Perjury in violation of R.C. 2921.11 by the State's witnesses and the State's failure to correct the error.

ASSIGNMENT OF ERROR NO. IV: The Trial Court erred and abused its discretion in denying Appellant's *Motion Requesting an Order Permitting Inspection and Examination of Grand Jury Transcripts* where the Appellant has shown a "particularized need" for justice, revealing the

Indictment against him was obtained by the presentation of perjured testimony by the State's key witness and Investigative Agents.

## II.  Law and Analysis

### A.  The trial court erred in dismissing Pitts's "citizen's affidavit."

{¶ 12} In his first assignment of error, Pitts argues that the trial court erred in denying him relief under R.C. 2935.09 and 2935.10.

{¶ 13} Pursuant to R.C. 2935.09(D), a private citizen may file an affidavit alleging a criminal offense with a reviewing official.  R.C. 2935.09 provides, in relevant part,

> (A) As used in this section, "reviewing official" means a judge of a court of record, the prosecuting attorney or attorney charged by law with the prosecution of offenses in a court or before a magistrate, or a magistrate.
>
> * * *
>
> (D) A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney. * * * A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times.  A clerk who receives an affidavit before or after the normal

business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume.

{¶ 14} It is well-established that, "R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit." (Quotation omitted.) *State ex rel. Boylen v. Harmon*, 2006-Ohio-7, ¶ 6. Rather, R.C. 2935.09 "must be read *in pari materia* with R.C. 2935.10, which prescribes the subsequent procedure to be followed." *Id.*; *State ex rel. Dominguez v. State*, 2011-Ohio-3091, ¶ 2. R.C. 2935.10 provides,

> (A) Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless the judge, clerk, or magistrate has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise the judge, clerk, or magistrate shall forthwith refer the matter to the prosecuting attorney * * * for investigation prior to the issuance of warrant.

{¶ 15} Thus, if the affidavit charges a felony, R.C. 2935.10 "directs a judge who is reviewing the affidavit to do one of two things: (1) 'issue a warrant for the arrest of the person charged in the affidavit' or (2) 'refer the matter to the prosecuting attorney * * * for investigation prior to the issuance of [a] warrant' if the judge 'has reason to believe that [the affidavit] was not filed in good faith, or the claim is not meritorious.'" *State ex rel. Brown v. Nusbaum*, 2017-Ohio-9141, ¶ 12, quoting *Boylen* at ¶ 7; *see also, In re*

7.

*Doogs*, 2021-Ohio-3760, ¶ 6 (6th Dist.) ("R.C. 2935.10 gives the judge two options: (1) issue an arrest warrant, or (2) if the judge has reason to believe the complaint was not filed in good faith or is not meritorious, refer the matter to the prosecuting attorney to investigate."); *In re Criminal Charges Against Kevin T. Groves and C. David Warren*, 2016-Ohio-4739, ¶ 9 (4th Dist.) (Emphasis in original) ("[W]here a private citizen charges a criminal offense as set forth in R.C. 2935.09(D) and the offense is a felony, R.C. 2935.10(A) requires the judge, clerk, or magistrate to *either* issue a warrant for the arrest of the person charged in the affidavit *or* refer the matter to the prosecuting attorney."); *Hillman v. O'Schaughnessy,* 2017-Ohio-489, ¶ 9 (10th Dist.) (Under R.C. 2935.10, "a judge has only two options in connection with his or her review of an accusation by affidavit:  He or she may issue a warrant based on the affidavit or refer the matter to the prosecutor for investigation.").  Moreover, when a trial court refers a matter to the prosecutor for investigation and the prosecutor elects not to file a criminal charge, the prosecutor's decision is not a final, appealable order of the trial court, and the trial court cannot be compelled to enter such a final order.  *State ex rel. Brown* at ¶ 16; *see also State ex rel. Master v. Cleveland,* 75 Ohio St.3d 23, 27 (1996) (The decision not to prosecute is "not generally subject to judicial review.")

{¶ 16} Here, Pitts submitted his affidavit to the Ottawa County Clerk of Courts. The clerk filed the affidavit, assigned a case number, entered the case on the clerk's docket, and forwarded the affidavit to the trial judge—i.e. the "reviewing official" under R.C. 2935.09(A).  *Accord Hillman v. Larrison,* 2016-Ohio-666, ¶ 13 (10th Dist.)

8.

("Appellant intended to file his affidavit with a trial court judge as the reviewing official by filing it with the clerk of courts. The clerk of courts filed the matter and assigned it to a judge."); *Compare Leavell v. Wilson,* 2017-Ohio-1275 (6th Dist.) (Upon receiving an affidavit pursuant to R.C. 2935.09, the clerk of courts did not err in forwarding the affidavit to a reviewing official without filing it or assigning it a case number. Affiant has no legal right to have clerk file-stamp and assign case number to affidavit).

{¶ 17} Upon receiving the affidavit, the trial court was required to review it as set forth by R.C. 2935.10(A). *Hillman v. Larrison* at ¶ 7. If the court had *no* reason to believe that the affidavit was not filed in good faith or that the claim was not meritorious, the court was required to issue a warrant for the arrest of M.H. *Id.* If, on the other hand, the court had reason to believe that the affidavit was *not* filed in good faith *or* that the claim was not meritorious, the judge was required to refer the matter to the prosecuting attorney for investigation. *Id.; see, e.g., Hillman v. O'Shaughnessy* at ¶ 2 (After concluding that the "multiple felonies" alleged in the affidavit had "no legal merit," the trial court "declined to issue a warrant * * * [and] [i]nstead * * * referred the matter to the prosecuting attorney for investigation").

{¶ 18} Here, rather than issuing a warrant for the arrest of M.H. or referring the matter to the prosecutor, the court dismissed the action, finding that "[t]here is no legal authority" to cause the arrest or prosecution of M.H. This was error. "R.C. 2935.10 does not provide the trial court with the third option of summarily dismissing the matter." *Id.* at ¶ 14; *In re. Groves* at ¶ 10 (4th Dist.) ("[P]rocedurally the reviewing official did not

9.

have * * * a third option to dismiss Appellant's affidavit. * * * [T]he trial court should have referred the matter to the prosecuting attorney for further investigation.").

{¶ 19} Because the trial court summarily dismissed Pitts's affidavit, we must remand the matter to the trial court to follow the procedures set forth in R.C. 2935.09 and 2935.10. *Accord State v. Burns,* 2019-Ohio-1141, ¶ 22 (2d Dist.) ("Since the trial court did not have the option of summarily dismissing the matter, [the] assignment of error is sustained.") Pitts's first assignment of error is found well-taken.

### B. Pitts was not entitled to have a special grand jury or special prosecutor assigned to this case.

{¶ 20} In his second assignment of error, Pitts argues that the trial court erred in denying his motion to have a special grand jury and a special prosecutor assigned to this case.

{¶ 21} Pitts requested the appointment of a special prosecutor pursuant to R.C. 177.03, which provides, in part, that "the chairperson" of the organized crime investigations commission "shall," under certain circumstances, "request the appointment of a special prosecutor to handle [a] matter." In its decision, the trial court found that Pitts, as a private citizen, lacked "standing" to request a special prosecutor under R.C. 177.03 and denied the motion.

{¶ 22} Pitts does not challenge the trial court's decision on appeal. Instead, he argues that the trial court has "inherent power" to appoint a special prosecutor and that it abused its discretion in failing to exercise its authority. But "[a]n appellant cannot change the theory of his case and present new arguments for the first time on appeal."

10.

*Quaye v. N. Mkt. Dev. Auth.*, 2017-Ohio-7412, ¶ 28 (10th Dist.).   Further, even if the issue was properly before us, there is nothing to support Pitts's claim that the trial court abused its discretion in failing to appoint a special prosecutor.

{¶ 23} "A common pleas court has inherent authority to appoint counsel to assist the grand jury in criminal matters where neither the prosecuting attorney nor his duly appointed assistant can perform these duties."  *State v. Horsley*, 2018-Ohio-1591, ¶ 58 (4th Dist.), citing *State ex rel. Williams v. Zaleski*, 12 Ohio St.3d 109, 111, (1984); *see also, In re Appointment of Special Prosecutor*, 2002 WL 602744 (6th Dist. Apr. 19, 2002) ("In the absence of a statute controlling the appointment of a special prosecutor, the trial court * * * ha[s] the inherent power to take such action.").  For example, a trial court's exercise of its inherent power to appoint a special prosecutor has been deemed proper where the prosecutor's office was under investigation, *State ex rel. Thomas v. Henderson*, 123 Ohio St. 474, 478 (1931), and where the prosecutor concurred in the request for appointment of a special prosecutor, *State ex rel. Stahl v. Webster,* 1933 WL 1540 (6th Dist. Oct. 24, 1933).

{¶ 24} However, "[t]he decision whether to prosecute a criminal offense is generally left to the discretion of the prosecutor."  *United States v. Armstrong,* 517 U.S. 456, 464 (1996).  And, "the mere allegation by a petitioner that a crime was committed and that the prosecutor abused her discretion in not presenting the case to the grand jury for an indictment is insufficient to require the court to invoke its inherent power."  *State ex rel. Daugherty v. Heck*, 1987 WL 19460 (9th Dist. Oct. 28, 1987).

11.

{¶ 25} Here, the prosecutor can hardly be faulted for failing to present a case against M.H. to the grand jury, when Pitts presented no evidence of her alleged wrongdoing *to the prosecutor.* As discussed in the previous assignment of error, Pitts could have presented his affidavit to Ottawa County's prosecuting attorney, but he did not. *See* R.C. 2935.09(A) (Defining "reviewing official" as a "judge of a court of record, *the prosecuting attorney * * * or a magistrate"*). Therefore, it cannot be said that the prosecutor abused his discretion in not presenting a case to the grand jury when there is no indication that there was cause to do so. In the absence of such facts, there are no grounds that would warrant the exercise of the trial court's inherent power to appoint a special prosecutor. *Daugherty.* Accordingly, we find that the trial court did not err in refusing to exercise its inherent authority to appoint a special prosecutor upon Pitts's request.

{¶ 26} As for Pitts's request for the appointment of a special grand jury under R.C. 2939.17, that provision provides, in part, that "[w]henever the governor or general assembly directs the attorney general to conduct any investigation or prosecution, the court of common pleas or any judge thereof, on written request of the attorney general, shall order a special grand jury to be summoned." Thus, under R.C. 2939.17, a trial court's obligation to order a special grand jury is triggered by a written request *of the attorney general*, acting under order by the governor or general assembly. The statute simply does not authorize a common pleas court to order a special grand jury at the request of an ordinary citizen, like Pitts. *Accord Thomas v. Marshall*, 1985 WL 11141,

12.

*3 (4th Dist. May 22, 1985) (Prisoner's "criminal complaint," seeking the investigation of a prison official and the impaneling of a special grand jury under R.C. 2939.17 was properly dismissed, in part, because prisoner "was not as a matter of law entitled to an order of court below convening a special grand jury.") On these facts, we find that the trial court did not err in denying Pitts's motion for a special grand jury. Accordingly, Pitts's second assignment of error is found not well-taken.

### C. Pitts failed to articulate a particularized need for grand jury testimony.

{¶ 27} In his fourth assignment of error, Pitts argues that the trial court erred in refusing to unseal the grand-jury transcript from his criminal case.

{¶ 28} Crim.R. 6(E) protects the secrecy of grand-jury proceedings and provides that matters occurring before the grand jury may be disclosed "only when so directed by the court preliminary to or in connection with a judicial proceeding, or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." In addition, R.C. 2939.11 imposes upon the court reporter who records testimony before the grand jury "an obligation of secrecy to not disclose any testimony taken or heard except to the grand jury, prosecuting attorney, or attorney general, unless called upon in court to make disclosures."

13.

{¶ 29} The Ohio Supreme Court has recognized five reasons for preserving the secrecy of grand jury proceedings:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*In re Petition for Disclosure of Evidence Presented to Franklin Cty. Grand Juries in 1970*, 63 Ohio St.2d 212, 219 (1980), quoting *U.S. v. Rose*, 215 F.2d 617, 628-629 (2d Cir.1954).

{¶ 30} Inspection of grand jury transcripts may be permitted where there exists a particularized need for disclosure that outweighs the need for secrecy. *State v. Graham,* 2020-Ohio-6700, ¶ 25 citing *State v. Greer*, 66 Ohio St.2d 139, (1981), paragraph two of the syllabus. This is true in both criminal cases and civil cases. *Id.* "The 'particularized need' standard is a 'highly flexible' one that recognizes that 'the requirements of secrecy

14.

are greater in some situations than in others.' *Desmond v. State,* 2020-Ohio-181, ¶ 19 (7th Dist.) quoting *United States v. Sells Eng., Inc.*, 463 U.S. 418, 445 (1983). "To that end, 'once the particularized need for the grand jury material is shown, the necessity of preserving grand jury secrecy is lessened * * *.'" *Id.* quoting *Greer* at 150. Additionally, "as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Id.* quoting *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979).

**{¶ 31}** "Determining whether a particularized need exists is a matter within the trial court's discretion." *State v. Lang,* 2011-Ohio-4215, ¶ 41. We review a decision denying a motion for release of grand jury transcripts under an abuse-of-discretion standard. *Wurth v. Emro Marketing Co.*, 125 Ohio App.3d 494, 500 (6th Dist.1998). "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound." *State v. Powell,* 2019-Ohio-4286, ¶ 48 (6th Dist.), quoting *State v. Boles*, 2010-Ohio-278, ¶ 16 (2d Dist.).

**{¶ 32}** In this case, Pitts seeks to unseal the grand jury testimony "to prove his un-involvement and innocence," and to establish a case of perjury against M.H.

**{¶ 33}** Regarding his substantive claims of his "un-involvement and innocence," Crim.R. 6(E) authorizes a criminal defendant to obtain grand jury testimony in his criminal case "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Because Pitts's criminal trial has long-since resolved, the circumstances do not exist that would allow him to seek

15.

relief under the rule. That is, Pitts—in his capacity as a criminal defendant—cannot show that "grounds may exist for a motion to dismiss the indictment * * *." We agree with the trial court that, "[a]t this point in time * * * nearly two years after conviction," Pitts's ability to seek relief under the rule expired long ago. *Accord*, *State v. Hopfer,* 112 Ohio App.3d 521, 549 (2d Dist.1996) (Defendant's motion, filed ten days before trial, seeking grand jury testimony of her expert witness, for the purpose of trial preparation, was properly denied where motion was untimely). Therefore, even if Pitts had filed the instant motion within his criminal case, Crim.R. 6(E) does not apply on its face, given his delay in seeking relief.

{¶ 34} Moreover, even if Pitts's motion was timely, he failed to articulate a particularized need for grand jury transcripts to prove his "un-involvement and innocence." Pitts claims that he needs the transcripts because he "would like to [know] what true facts were presented to support the basis of the indictment." But, the Ohio Supreme Court has previously found that no particularized need for grand-jury testimony exists where it is predicated upon a defendant's claim that his indictment was "secured with inadequate evidence" and that unsealing the grand jury transcript would indicate "whether [the] indictment was properly issued." *State v. Brown*, 38 Ohio St.3d 305, 308 (1988). "The Ohio Supreme Court has [also] held that there was no 'particularized need' established in cases where there were allegations that (1) the charges were 'elevated;' * * * (2) the indictment was issued on inadequate evidence; * * * or (3) the indictment was based on 'illegal and incompetent evidence.'" (Citing cases.) *State v. Herrera*, 2006-

Ohio-3053, ¶ 28 (6th Dist.).  Moreover, although the United States Supreme Court has recognized particularized need in order "'to impeach a witness, to refresh his recollection, to test his credibility and the like,'" those circumstances do not exist here, given the resolution of Pitts's criminal trial.  *Wurth,* 125 Ohio App.3d at 500 (6th Dist.1998), quoting *United States v. Procter & Gamble,* 356 U.S. 677, 683 (1958).

{¶ 35} Pitts's alternative justification for the unsealing of the grand jury transcript—i.e., to establish a case of perjury against M.H.—also fails.  Pitts's perjury claim against her is predicated on her *trial* testimony.  Pitts raises multiple, specific allegations of perjury by M.H., with citations to the trial record. *See, e.g.* Appellant's Brief at 15 ("False statement under oath by [M.H.] are addressed and listed with exhibits and copies of transcript page numbers in the order of the perjured statements on April 13, 2021 between Prosecutor and [M.H.] T.p. 127-197 * * *.")  Pitts appears more than prepared to assist the state in any perjury investigation, without resort to grand jury transcripts.

{¶ 36} We find that the trial court did not abuse its discretion in finding that Pitts failed to articulate a particularized need to unseal the grand jury transcripts that outweighs the need for continued secrecy over those proceedings.  Moreover, absent a showing of particularized need, the trial court was not obligated to examine the grand-jury transcript before ruling on the motion. *State v. Brown*, 1983 WL 6945, *5 (6th Dist. Sept. 16, 1983) ("[T]he trial court did not abuse its discretion in not conducting an in

17.

camera inspection of the grand jury testimony, since the defense failed to demonstrate the requisite particularized need.").

{¶ 37} For these reasons, we find Pitts's fourth assignment of error not well-taken.

### III. Conclusion

{¶ 38} Pitts's first assignment of error is found well-taken. The trial court—upon receiving Pitts's affidavit filed under R.C. 2935.09(D), seeking the arrest of another person on a felony charge—was required to review it as set forth by R.C. 2935.10(A) and either issue an arrest warrant or refer the matter to the prosecutor. Because the trial court summarily dismissed the case, we must reverse the trial court's judgment and remand the matter to the trial court to follow the procedures set forth in R.C. 2935.10.

{¶ 39} We find Pitts's second and fourth assignment of error not well-taken. Pitts is ordered to pay the costs of this matter pursuant to App.R. 24. It is further ordered that all pending motions, including his March 28, 2024 "Motion for leave to file motion to correct or modify pursuant to App.R. 9(E) to insert newly discovered evidence," are denied as moot. It is so ordered.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J. _____

Christine E. Mayle, J. _____

Myron C. Duhart, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.