[Cite as *In re Appointment of Special Prosecutor*, 2025-Ohio-5013.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

### IN RE: APPOINTMENT OF SPECIAL PROSECUTOR (MARTIN P. DESMOND),

Petitioner-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 MA 0110.**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2024 CR 99999

**BEFORE:**
Robert J. Patton, John J. Eklund, and Eugene A, Lucci, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Martin P. Desmond,* pro se, P.O. Box 14052, Youngstown, OH 44514, for Petitioner-Appellant and

*Atty. Lynn Maro,* Mahoning County Prosecutor, and John B. Yuhasz, Assistant Prosecutor, 21 W. Boardman Street, Sixth Floor, Youngstown, OH 44503, for Respondent-Appellee.

Dated: November 3, 2025

**ROBERT J. PATTON, P.J.**

{¶1}    Petitioner-appellant, Martin P. Desmond ("Desmond"), appeals from the judgment of the Mahoning County Court of Common Pleas dismissing his petition to appoint a special prosecutor to investigate allegations of criminal conduct by the former Mahoning County prosecutor, Gina DeGenova ("DeGenova") and two Mahoning County commissioners, Carol Rimedio-Righetti and David Ditzler. The alleged criminal conduct included several felony and misdemeanor offenses. The petition also suggested that an assistant prosecuting attorney and the county administrator may be involved in the alleged criminal conduct.

{¶2}    On appeal, Desmond argues that the trial court made findings and imposed an additional burden on Desmond in violation of Ohio Supreme Court precedent as set forth in *State ex rel. Thomas v. Henderson*,123 Ohio St. 474 (1931). Respondent-appellee, the Mahoning County prosecutor, Lynn Maro ("Maro"), agrees that the trial court did not comply with *Henderson* and requests that this matter be remanded to the trial court.

{¶3}    Upon review, we conclude that the trial court did not follow the proper statutory procedures as outlined in R.C. 2935.10, and therefore erred when it dismissed Desmond's petition. Accordingly, the judgment of the Mahoning County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this court's opinion.

### Substantive and Procedural Facts

{¶4}    On October 9, 2024, Desmond filed his petition to appoint a special prosecutor in the Mahoning County Court of Common Pleas. The petition alleged that

DeGenova, Carol Rimedio-Righetti, and David Ditzler committed several crimes in relation to the December 2, 2022 termination of Mahoning County maintenance worker, Ricky Morrison.[1] The list of potential charges included: intimidation, a third-degree felony, in violation of R.C. 2921.03; tampering with records, a third-degree felony, in violation of R.C. 2913.42; tampering with evidence, a third-degree felony, in violation of R.C. 2921.12; telecommunications fraud, a fifth-degree felony,  in violation of R.C. 2913.05; bribery, a third-degree felony, in violation of R.C. 2921.02; interfering with civil rights, a first-degree misdemeanor, in violation of R.C. 2921.45; failure to report a crime, a fourth-degree misdemeanor, in violation of R.C. 2921.22; dereliction of duty, a second-degree misdemeanor, in violation of R.C. 2921.44; and engaging in a pattern of corrupt activity, a first-degree felony, in violation of R.C. 2923.32.

{¶5}    The day after Desmond filed his petition, on October 10, 2024, the judges of the Mahoning County Court of Common Pleas, General Division, recused themselves and sought the appointment of a visiting judge. Honorable Mark. K. Weist was appointed by the Supreme Court of Ohio to hear the petition.

{¶6}    On October 15, 2024, DeGenova filed a motion to strike the petition, or in the alternative, a motion to stay and a motion for sanctions. Desmond filed a response to DeGenova's motions on November 1, 2024. The trial court did not address these filings.

{¶7}    A status conference was held on November 20, 2024. At the status conference, DeGenova provided the trial court with certified election results from the Mahoning County prosecutorial race. The election results indicated that DeGenova was

---

1. The petition also alleged that further investigation was needed to determine the culpability of assistant prosecutor, Linette Stratford, and Mahoning County administrator, Audrey Tillis.

defeated and that Maro was the prosecutor-elect. DeGenova argued at the conference that Desmond's petition should be dismissed as moot because the prosecutor-elect can "review the matter at her leisure" to determine if the petition should proceed. Desmond disagreed that the issue was moot. Desmond argued that Maro, as newly elected prosecutor, would also have a conflict of interest because two of the named parties are Mahoning County commissioners and clients of the Mahoning County Prosecutor's Office. Attorney Rankin, on behalf of DeGenova, further argued that the petition should also be denied because the claims were raised in a federal lawsuit. The federal district court dismissed DeGenova from the federal case as she was entitled to the protection of absolute litigation privilege. *Morrison v. Mahoning Cnty., Ohio*, 2023 WL 3496939, *3 (N.D.Ohio May 16, 2023). The federal court determined it had no obligation to determine if DeGenova's e-mail contained fraudulent language. *Id*. at *2.

{¶8}   During the status conference, Desmond asserted that, to succeed on his petition, he simply had to show that the allegations had some evidentiary support and that there was a conflict with the current prosecutor. The trial court disagreed and stated:

> There's got to be some threshold that you have to meet before -- and from what I read in here, I think on a motion to dismiss I have got to assume everything you put in here is true. You know, what I read is that you're saying there is a lot of lying going on, a lot of fraud or E-mail -- false E-mails, false statements about this cover-up of this firing of this employee who, I understand, was almost immediately reinstated and actually sued the county and recovered -- had settled the case for $175,000. I mean, how do you get from there to this whole list of felonies? I just don't see it.

The trial court concluded the status conference by informing the parties that the petition would be dismissed by entry.

{¶9}   On November 25, 2024, five days after the status conference, the trial court dismissed Desmond's petition concluding that the allegations did not support the appointment of a special prosecutor. The trial court determined that even under the assumption that the allegations were true, the allegations "do not amount to probable cause that any crimes were committed." The court below further found no basis to invoke its inherent authority to grant petitioner's request.

{¶10}  Desmond timely appeals the trial court's decision.

**The Appeal**

{¶11}  Desmond raises the following assignment of error for review: "[t]he trial court erred by dismissing the *Petition to Appoint Special Prosecutor.*" Desmond alleges that the trial court failed: to follow legal precedent, to view the evidence in the light most favorable to the non-moving party, and to presume the allegations are true.

{¶12}  Desmond's petition requested that the trial court appoint a special prosecutor to investigate allegations of corruption in Mahoning County. Because the allegations involved the former county prosecutor and county commissioners, Desmond argued that the Mahoning County Prosecutor's Office had a conflict of interest which permitted the trial court to invoke its inherent authority and appoint a special prosecutor.

{¶13}  It is well established that "[a] common pleas court has inherent authority to appoint counsel to assist the grand jury in criminal matters where neither the prosecuting attorney nor his duly appointed assistant can perform these duties." *State v. Horsley*, 2018-Ohio-1591, ¶ 58 (4th Dist.), citing *State ex rel. Williams v. Zaleski*, 12 Ohio St.3d 109, 111 (1984). *See In re Pitts*, 2024-Ohio-1618, ¶ 23 (6th Dist.). "In the absence of a statute controlling the appointment of a special prosecutor, the trial court * * * ha[s] the

inherent power to take such action." *In re Appointment of Special Prosecutor*, 2002-Ohio-1874 (6th Dist.); *see State ex rel. Johnson v. Talikka*, 1994 WL 116299, *3 (11th Dist. Mar. 31, 1994).

{¶14} In *State ex rel. Thomas v. Henderson*, 123 Ohio St. 474, 478 (1931), the Supreme Court of Ohio held that a trial court's exercise of its inherent power to appoint a special prosecutor was proper where the prosecutor's office was under investigation. It has also been found to be proper where the prosecutor has assented in the request to appoint a special prosecutor. *State ex rel. Stahl v. Webster*, 1933 WL 1540 (6th Dist. Oct. 24, 1933).

{¶15} In *Henderson,* the judges of the Mahoning County Court of Common Pleas sua sponte filed an entry appointing a special prosecutor to investigate the alleged conduct, acts, and doings of the county prosecuting attorney. As the county prosecuting attorney was the focus of the investigation, neither the prosecuting attorney nor any assistant prosecutors were able to participate in the proceedings. Thus, the appointment of a special prosecutor was necessary. As noted by the *Henderson* Court, no statutory provision existed for the judges of the court of common pleas to file charges against the county prosecuting attorney. Furthermore, there was no statutory provision for finding the temporary disqualification of a prosecuting attorney. *Henderson* at 478.

{¶16} While the Supreme Court of Ohio recognized the court of common pleas' inherent authority to appoint a special prosecutor, it disapproved of the procedure used by the Mahoning County Court of Common Pleas. *Id*. at 480. In *Henderson*, the Supreme Court of Ohio held that when a court seeks to invoke its inherent authority to appoint a special prosecutor, the prosecuting attorney should be afforded an opportunity to be

heard and to present any evidence he or she desires to offer before the investigation proceeds. *Henderson* at 480*.* Additionally, the Court also determined that "the judges of the common pleas court have no power to hear and finally determine the truth of the charges against the prosecuting attorney, as a basis for his temporary disqualification, and the hearing to be conducted must necessarily be in the nature of a preliminary inquiry to determine the probable disqualification of the prosecuting attorney, and whether the grand jury should be instructed to further investigate." *Id.*

{¶17} On appeal, Desmond argues that the trial court failed to follow Ohio Supreme Court precedent in *Henderson*, 123 Ohio St. 474 (1931), when it sua sponte dismissed his petition to appoint a special prosecutor. Maro agrees that the trial court did not follow the procedure in *Henderson* when it denied Desmond's petition. Upon review of the proceedings below, we agree. It is clear the trial court did not follow the procedures set forth in *Henderson* as it failed to determine if a conflict exists.

{¶18} While we agree that the proper procedure outlined in *Henderson* was not followed when the trial court dismissed Desmond's petition, this court is unconvinced that Desmond's filing can serve as an independent vehicle for such a request. Indeed, there is little guidance regarding how such requests should be made in the trial court. Notably, neither *Henderson*, nor any other case Desmond cited, stands for the proposition that a private citizen may petition a court to invoke its inherent authority in the absence of a pending case. Therefore, we must first address the proper procedural framework for such requests.

{¶19} Upon review, we hold that Desmond's filing must be construed as a filing under R.C. 2935.09, despite his declaration that it is not. The General Assembly has

preempted the field of private citizen criminal complaints through the enactment of R.C. 2935.09 and 2935.10.

{¶20} R.C. 2935.09(D) provides:

> A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume.

This statute provides the exclusive mechanism by which a private citizen may independently file criminal proceedings against another. The use of the court's inherent authority at the request of a citizen to cause the arrest and prosecution of another is no longer applicable since the enactment of these statutes. *Henderson* and the cases predating R.C. 2935.09 and 2935.10 cannot be used to bypass this legislative framework.

{¶21} Desmond contends that R.C. 2935.09 is inapplicable because of the requirement to forward the filing to the prosecutor's office for further investigation in accordance with R.C. 2935.10(A). We disagree with Desmond's contention that R.C. 2935.09 and 2935.10 are inapplicable to this case. There is no question that Desmond's filing meets the criteria of R.C. 2935.09. Moreover, R.C. 2935.10 would also provide an avenue for the trial court to invoke its inherent authority and appoint a special prosecutor

should the trial court determine that referral to the prosecuting attorney is warranted for further review.[2]

{¶22} Under R.C. 2935.10(A), when a judge receives an affidavit charging a felony, the judge has only two options: (1) if the judge finds probable cause that a crime has been committed and that the accused committed that crime, the judge shall forthwith issue a warrant for arrest; or (2) if the judge has reason to believe the affidavit was not filed in good faith, the claim is not meritorious, or finds reasonable articulable suspicion warranting further inquiry, the judge shall forthwith refer the matter to the prosecuting attorney for investigation prior to any issuance of a warrant. R.C. 2935.10(A).

{¶23} Critically, the statute does not permit the trial court to summarily dismiss the matter. *State ex rel. Brown v. Jeffries*, 2012-Ohio-1522, ¶ 10 (4th Dist.), citing *State ex rel. Boylen v. Harmon*, 2006-Ohio-7, ¶ 7; *In re Pitts*, 2024-Ohio-1618, ¶ 1 (6th Dist.) ("Because the trial court failed to comply with R.C. 2935.10(A)—which requires a court to either (1) issue an arrest warrant or (2) refer the matter to the prosecuting attorney for investigation—we reverse and remand.") Because Desmond's filing should have been construed under R.C. 2935.09(D), the trial court could not summarily dismiss the petition. Such dismissal was the trial court's primary error and requires reversal on appeal.

{¶24} Upon remand and after review of the petition, the trial court must comply with R.C. 2935.10(A) and determine the appropriate course of action. The trial court must first determine whether probable cause exists to issue an arrest warrant. If the trial court

---

2. This procedure has been followed by at least one other court. In *State v. L.F.*, 2020-Ohio-968, ¶ 14 (12th Dist.), the appellate court noted that the trial court appointed a special prosecutor for further investigation upon review of a R.C. 2935.09 affidavit.

finds the affidavit was not filed in good faith, lacks merit, or warrants further investigation, it must refer the matter for prosecutorial investigation. However, because the accused individuals include the former prosecuting attorney and current county commissioners who are clients of the prosecutor's office, a clear conflict of interest prevents the current prosecutor from conducting the investigation.

{¶25}   When an R.C. 2935.09 affidavit alleges crimes by the prosecuting attorney and their governmental clients, the prosecuting attorney is necessarily conflicted and cannot perform the investigative function contemplated by R.C. 2935.10(A). Thus, where a trial court does not issue a warrant on the petition, the trial court must invoke its inherent authority to appoint a special prosecutor to fulfill the investigative role that would otherwise be performed by the conflicted prosecutor's office. The trial court has no discretion in this matter. Where a structural conflict exists, the appointment of a special prosecutor is mandatory.

{¶26}   Therefore, the trial court must appoint a special prosecutor to investigate the allegations presented in Desmond's affidavit after the prosecuting attorney has been afforded an opportunity to be heard and to present any evidence he or she desires to offer before the investigation proceeds. *Henderson*, 123 Ohio St. at 478 (1931).

{¶27}   We emphasize that the trial court's role at this stage is limited. The trial court is not to make final determinations about the truth of the charges or whether crimes were actually committed. As *Henderson* instructs, "the hearing to be conducted must necessarily be in the nature of a preliminary inquiry to determine the probable disqualification of the prosecuting attorney, and whether the grand jury should be instructed to further investigate." *Henderson* at 480. As such, the trial court erred when it

assumed the allegations to be true and then concluded they "do not amount to probable cause that any crimes were committed." Thus, the trial court exceeded its authority under both R.C. 2935.10 and *Henderson*.

{¶28} Accordingly, the judgment of the Mahoning County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this court's opinion.

JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

_____

———————

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this court's Opinion. Costs to be taxed against the Appellee.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Mahoning County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

———————————————————————

**PRESIDING JUDGE ROBERT J. PATTON,**
**JUDGE OF THE 11TH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**

———————————————————————

**JUDGE JOHN J. EKLUND,**
**JUDGE OF THE 11TH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**
                    **concurs**

———————————————————————

**JUDGE EUGENE A. LUCCI,**
**JUDGE OF THE 11TH DISTRICT COURT OF APPEALS,**
**SITTING BY ASSIGNMENT**
                    **concurs**

**<u>NOTICE OF COUNSEL</u>**
**Pursuant to App.R. 22 and 27, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the Clerk.**